| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter __11__ |

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | American Apparel, LLC |
|---|---|---|

| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | American Apparel, Inc.<br>Endeavor Acquisition Corp.<br>Viva Radio<br>American Apparel |
|---|---|---|

| 3. | Debtor's federal Employer Identification Number (EIN) | 20-3200601 |
|---|---|---|

4. Debtor's address

**Principal place of business**

**747 Warehouse Street**
**Los Angeles, CA 90021**
Number, Street, City, State & ZIP Code

**Los Angeles**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| 5. | Debtor's website (URL) | www.americanapparel.net |
|---|---|---|

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **American Apparel, LLC** _____   Case number (if known) _____
            Name

**7.   Describe debtor's business**   A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. Check all that apply

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

4481

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**   Check one:

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. Check all that apply:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**   ☐ No.

☒ Yes.

If more than 2 cases, attach a separate list.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| District | District of Delaware[1] | When | 10/05/15 | Case number | 15-12055 (BLS) |
| District | _____ | When | _____ | Case number | _____ |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**   ☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | See Rider 1 | | Relationship | **Affiliates** |
|---|---|---|---|---|---|
| District | **District of Delaware** | When | Case number, if known | |

---

[1] On the Effective Date of the Plan in this case, Debtor, American Apparel, Inc., was converted, merged, or otherwise reorganized into American Apparel LLC, a Delaware Limited Liability Company.

| Debtor | American Apparel, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**
*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
Number, Street, City, State & ZIP Code

Is the property insured?

☐ No
☐ Yes.    Insurance agency _____
Contact name _____
Phone _____

---

**░░ Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☒ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    American Apparel, LLC                                      Case number (if known)
          Name

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/14/2016
               MM / DD / YYYY

X _____                    Bennett L. Nussbaum
  Signature of authorized representative of debtor    Printed name

Title    Chief Financial Officer

18. **Signature of attorney**

X _____    Date    11/14/2016
  Signature of attorney for debtor            MM / DD / YYYY

Laura Davis Jones
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

919 North Market Street
17th Floor
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone    302-652-4100        Email address    ljones@pszjlaw.com

DE 2436
Bar number and State

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 4

**Rider 1 to Voluntary Petition**

A.    **Affiliate Filings**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

American Apparel, LLC

American Apparel (USA), LLC

American Apparel Retail, Inc.

American Apparel Dyeing & Finishing, Inc.

KCL Knitting, LLC

Fresh Air Freight, Inc.

B.    **Pending Cases**

On October 5, 2015, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a petition in this Court for relief under chapter 11 of the bankruptcy code. As of the date hereof, the following cases are pending before this Court and jointly administered under Case Number 15-12055 (BLS).

American Apparel, Inc. (15-12055 (BLS))

American Apparel (USA), LLC (15-12057 (BLS))

American Apparel Retail, Inc. (15-12058 (BLS))

American Apparel Dyeing and Finishing, Inc. (15-12059 (BLS))

KCL Knitting, LLC (15-12060 (BLS))

Fresh Air Freight, Inc. (15-12061 (BLS))

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, LLC, | Case No. 16-_____  (___) |
| Debtor. | |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, LLC (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

## OFFICER'S CERTIFICATE
## OF
## AMERICAN APPAREL, LLC

### November 13, 2016

The undersigned, Bennett L. Nussbaum, Chief Financial Officer of American Apparel, LLC, a Delaware LLC (the "Company") hereby certifies on behalf of the Company, as the Chief Financial Officer of the Company, and not in any individual capacity, as follows:

1.  I am the duly qualified and appointed Chief Financial Officer of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2.  Attached hereto is a true and complete copy of the resolutions of the Board of the Company.

3.  Such resolutions have not been amended, altered, annulled, rescinded or revoked in any manner and are in full force and effect as of the date hereof.


IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 13th day of November, 2016.

Name: Bennett L. Nussbaum
Title:   Chief Financial Officer

# RESOLUTIONS OF

## AMERICAN APPAREL, LLC (a Delaware Limited Liability Company)

### November 13, 2016

American Apparel, LLC, a Delaware limited liability company (the "Company"), does hereby adopt the following resolutions:

### Background

WHEREAS, the board of directors (the "Board") has evaluated the Company's alternatives in connection with a possible restructuring and, after due consideration taking into account the information available to it at this time, and after consultation with the Company's management and legal, financial, and other advisors, and in the exercise of its reasonable business judgment, the Board has determined that it is in the best interests of the Company, its stakeholders, and its creditors to file a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and undertake the other actions approved by these Resolutions; and

WHEREAS, after due consideration taking into account the information available to it at this time and after consultation with the Company's management and legal, financial, and other advisors, and in the exercise of its business judgment, the Board has determined that it is in the best interests of the Company to consent to and approve the filing of a petition for relief under chapter 11 of the Bankruptcy Code by its wholly owned domestic subsidiary, American Apparel (USA), LLC ("AAUSA"), and, to the extent necessary, to consent to and approve the filing of petitions for relief under chapter 11 of the Bankruptcy Code by the wholly owned domestic subsidiaries of AAUSA (the "Subsidiaries"); and

WHEREAS, after due consideration taking into account the information available to it at this time and after consultation with the Company's management and legal, financial, and other advisors, and in the exercise of its business judgment, the Board has determined that it would be desirable and in the Company's best interests for the Company to sell, in one or several transactions, any or all of the assets of the Company, including, without limitation, the Company's brand, inventory, storefronts, and equipment, through and as part of the Chapter 11 Case (defined below) (collectively, the "Potential Sale Transactions"); and

WHEREAS, after due consideration taking into account the information available to it at this time and after consultation with the Company's management and legal, financial, and other advisors, and in the exercise of its business judgment, the Board has determined that it is in the best interests of the Company to appoint Mark Weinsten as chief restructuring officer for the Company, AAUSA and the Subsidiaries.

## RESOLUTIONS

### Company Resolutions

#### Chapter 11 Filing

IT IS RESOLVED that the Board has declared, and it hereby does declare, that it is in the best interests of the Company and its stakeholders that the Company seek relief under the Bankruptcy Code; and it is

FURTHER RESOLVED that the Company shall be, and hereby is, authorized to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing; and it is

FURTHER RESOLVED that the chief executive officer, the chief financial officer, the chief restructuring officer and the Chairman of the Board (collectively, the "Designated Officers"), and each of them acting alone, hereby is authorized, and directed, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing and the administration of the Company's Chapter 11 Case; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Chapter 11 Case in such form or forms as any such Designated Officer may deem necessary or advisable and in order to effectuate the purpose and intent of the foregoing resolutions; and (d) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, liquidators, or brokers as any such Designated Officer, in such person's discretion, deems necessary, desirable or appropriate to accomplish the purposes of these resolutions; that their authority to act under these resolutions shall be conclusively evidenced by their so acting; and that any and all such actions heretofore taken on behalf of the Company in such respects contemplated thereby are hereby ratified, approved and confirmed as the act and deed of the Company.

#### Debtor in Possession Financing Facility

IT IS RESOLVED, that the Company, subject to approval of the Bankruptcy Court, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into a new debtor in possession financing facility (the "DIP Facility") and any associated documents and consummate, and perform under, the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms substantially consistent with those presented to the Board on or prior to the date hereof

and as may be further approved, modified or amended by any one or more of the Designated Officers, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, in such case, as may be deemed necessary or desirable by any one or more of the Designated Officers in connection with the Financing Transactions; and it is

FURTHER RESOLVED, that: (a) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents, including any amendments or other modifications to the foregoing, as any of the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Designated Officers are hereby approved; (c) the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Financing Transactions; and (d) the actions of any Designated Officer taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, including any amendments or other modifications to the foregoing, shall be conclusive evidence of such Designated Officer's approval thereof and the necessity or desirability thereof.

## Potential Sale Transactions

IT IS RESOLVED, that the Company and the Designated Officers are hereby authorized, directed and empowered, on behalf of and in the name of the Company, to file a motion with the Bankruptcy Court (i) seeking approval of bidding procedures to be used to facilitate Potential Sale Transactions pursuant to section 363 of the Bankruptcy Code, (ii) seeking approval of Gildan Activewear SRL (or its designee) as a stalking horse purchaser (the "Stalking Horse Bidder") for a Potential Sale Transaction, and (iii) seeking approval of the payment of certain fees (including expense reimbursement and breakup fees) to the Stalking Horse Bidder, all substantially in accordance with the summary presented to the Board, subject to such modifications thereto as the Designated Officers and the Company's management may deem necessary or advisable in order to give effect to and carry out the general purposes of the Potential Sale Transactions as presented to the Board; and it is

FURTHER RESOLVED, that the Designated Officers shall be, and each of them, acting alone, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company, to conduct a further marketing process to identify Potential Sale Transactions under the supervision of the Bankruptcy Court; and it is

FURTHER RESOLVED, that the Designated Officers shall be, and each of them alone, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company, to (a) take actions and negotiate or cause to be prepared and negotiated, and, subject to Bankruptcy

Court approval as required, to execute, deliver, perform and cause the performance of any agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transactions to which the Company is or will be a party and (b) request the Bankruptcy Court to approve any Potential Sale Transaction (including a sale of the Company's assets to a higher or better bidder) and for any related relief.

### Subsidiary Resolutions

IT IS RESOLVED, that the Company hereby authorizes and consents to, and approves of, AAUSA (and, to the extent necessary, each of the Subsidiaries) (a) filing a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, (b) entering into, and filing, the Financing Documents, and related documents, and consummating, and performing under, the transactions contemplated therein, and (c) entering into, consummating, and performing under any agreement for the sale of any or all of the assets of AAUSA ( or, as applicable, such Subsidiary) through and as part of a chapter 11 case of AAUSA (or, as applicable, such Subsidiary); and it is

FURTHER RESOLVED, that the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, in its capacity as sole member of AAUSA, to execute a written consent of the Company to Resolutions for AAUSA with respect to AAUSA's chapter 11 case (including (i) filing a petition for bankruptcy, (ii) entering into the Financing Documents and related documents, consummating, and performing under, the transactions contemplated therein, and (iii) entering into, consummating, and performing under any agreement for the sale of any or all of the assets of AAUSA, in each case, substantially similar to the Resolutions set forth therein) and, to the extent necessary, to consent to such similar Resolutions for each of the Subsidiaries.

### Appointment of Chief Restructuring Officer

IT IS RESOLVED, that, effective as of November 13, 2016 Mark Weinsten shall be and hereby is appointed as the Company's chief restructuring officer ("CRO"), the CRO serving as an officer of the Company reporting to the Board.

### Retention of Professionals and Claims and Noticing Agent

IT IS RESOLVED, that the engagement by the Company, on behalf of itself and its domestic direct subsidiaries of (a) Jones Day as restructuring counsel, (b) Pachulski Stang Ziehl & Jones LLP as restructuring counsel, (c) Berkeley Research Group, LLC to provide the CRO and other temporary employees, as financial advisors, (d) Houlihan Lokey as investment banker, and (e) Prime Clerk, LLC, as claims, noticing, and solicitation agent, and administrative advisor, in each case, is hereby ratified, adopted and approved in all respects; and it is

FURTHER RESOLVED, that Jones Day, Pachulski Stang Ziehl & Jones LLP and any additional co-counsel or special or local counsel selected by the Company, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with any Chapter 11 case commenced by or against it under the Bankruptcy Code.

**Additional Resolutions**

IT IS RESOLVED, that all acts lawfully done or actions lawfully taken by any officer of the Company or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

FURTHER RESOLVED, that any and all actions and transactions by the Board or any officer for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and it is

FURTHER RESOLVED, that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the Designated Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions; and it is

FURTHER RESOLVED, that the Board and any Designated Officer of the Company hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the corporate secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; *provided, however*, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company; and it is

FURTHER RESOLVED, that any Designated Officer of the Company shall be, and each of them, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, deliver, and perform, or cause to be negotiated, executed, delivered, and performed, on behalf of, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any proper officer of the Company may deem necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution, as may be deemed necessary, desirable or appropriate.

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, LLC, | Case No. 16-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Name and Last Known Address or Place of Business of Holder | Number of LLC Units | Percentage of Interest |
|---|---|---|
| Monarch Debt Recovery Master Fund Ltd<br>Michael Gillin<br>c/o Monarch Alternative Capital LP<br>535 Madison Ave, 26th Floor<br>New York, NY  10022<br>Email:  fundops@monarchlp.com | 2,136,192 | 22.15% |
| Coliseum Capital Partners, L.P.<br>Tom Sparta/Harrison Krieger<br>1 Station Place, 7th Fl. South<br>Stamford, CT 06902<br>Email: tsparta@ccap-llc.com;<br>krieger@ccap-llc.com | 924,715 | 9.59% |
| Global Opportunities Offshore, Ltd.<br>Attn Lale Topcuoglu/Jean Joseph<br>190 Elgin Avenue<br>George Town<br>Grand Cayman, KY1-9005<br>Cayman Islands<br>Email:  Gs-am-bi-trading@gs.com | 918,743 | 9.52% |
| MCP Holdings Master LP<br>Michael Gillin<br>c/o Monarch Alternative Capital LP<br>535 Madison Ave, 26th Floor<br>New York, NY  10022<br>Email:  fundops@monarchlp.com | 888,047 | 9.21% |
| PWCM Master Fund Ltd.<br>Attn:  Brian Herward/Max Itkin<br>614 Davis Street<br>Evanston, IL  60201<br>Email:  operations@pwcm.com | 733,823 | 7.61% |

| | | |
|---|---|---|
| Monarch Capital Master Partners III LP<br>Michael Gillin<br>c/o Monarch Alternative Capital LP<br>535 Madison Ave, 26th Floor<br>New York, NY 10022<br>Email: fundops@monarchlp.com | 655,586 | 6.80% |
| P Standard General Ltd.<br>c/o Standard General L.P<br>Attn: Joseph Muause<br>767 Fifth Avenue, 12th Floor<br>New York, NY 10153<br>Email: legal@standardgeneral.com | 469,492 | 4.87% |
| Goldman Sachs Trust, on behalf of the<br>Goldman Sachs High Yield Floating Rate<br>Fund<br>Attn Lale Topcuoglu/Jean Joseph<br>c/o Goldman, Sachs & Co.<br>200 West Street<br>New York, NY 10282<br>Email: Gs-am-bi-trading@gs.com | 449,607 | 4.66% |
| Blackwell Partners, LLC, Series A<br>Tom Sparta/Harrison Krieger<br>1 Station Place, 7th Fl. South<br>Stamford, CT 06902<br>Email: tsparta@ccap-llc.com;<br>krieger@ccap-llc.com | 375,476 | 3.89% |
| Global Opportunities, LLC<br>Attn Lale Topcuoglu/Jean Joseph<br>c/o Goldman, Sachs & Co.<br>30 Hudson Street, 15th Floor<br>Jersey City, NJ 07302<br>Email: Gs-am-bi-trading@gs.com | 373,163 | 3.87% |
| Oceana Master Fund Ltd.<br>Attn: Brian Herward/Max Itkin<br>614 Davis Street<br>Evanston, IL 60201<br>Email: operations@pwcm.com | 282,204 | 2.93% |
| AAI Pentwater Fund Public Limited<br>Company<br>Attn: Brian Herward/Max Itkin<br>614 Davis Street<br>Evanston, IL 60201<br>Email: operations@pwcm.com | 279,699 | 2.90% |
| LMA SPC for and on behalf of Map 98<br>Segregated Portfolio<br>c/o Pentwater Capital Management LP as<br>Investment Advisor<br>Attn: Brian Herward/Max Itkin<br>614 Davis Street<br>Evanston, IL 60201 | 253,465 | 2.63% |

| | | |
|---|---|---|
| Email: operations@pwcm.com | | |
| Coliseum Capital Partners II, L.P.<br>Tom Sparta/Harrison Krieger<br>1 Station Place, 7th Fl. South<br>Stamford, CT 06902<br>Email: tsparta@ccap-llc.com;<br>krieger@ccap-llc.com | 212,710 | 2.21% |
| Monarch Alternative Solutions Master<br>Fund Ltd<br>Michael Gillin<br>c/o Monarch Alternative Capital LP<br>535 Madison Ave, 26th Floor<br>New York, NY 10022<br>Email: fundops@monarchlp.com | 176,891 | 1.83% |
| P Monarch Recovery Ltd<br>Michael Gillin<br>c/o Monarch Alternative Capital LP<br>535 Madison Ave, 26th Floor<br>New York, NY 10022<br>Email: fundops@monarchlp.com | 137,839 | 1.43% |
| Goldman Sachs Lux Investment Funds for<br>the benefit of Goldman Sachs Global<br>Multi-Sector Credit Portfolio (Lux)<br>Attn: Lale Topcuoglu/Jean Joseph<br>49 Avenue JF Kennedy<br>L-1855 Luxembourg LU<br>Email: Gs-am-bi-trading@gs.com | 137,316 | 1.42% |
| Goldman Sachs Lux Investment Funds for<br>the benefit of Goldman Sachs High Yield<br>Floating Rate Portfolio (Lux)<br>Attn: Lale Topcuoglu/Jean Joseph<br>49 Avenue JF Kennedy,<br>L-1855 Luxembourg , LU<br>Email: Gs-am-bi-trading@gs.com | 82,520 | 0.86% |
| Standard General Master Fund L.P.<br>c/o Standard General L.P<br>Attn: Joseph Muause<br>767 Fifth Avenue, 12th Floor<br>New York, NY 10153<br>Email: legal@standardgeneral.com | 58,026 | 0.60% |
| Monarch Capital Master Partners II LP<br>Michael Gillin<br>c/o Monarch Alternative Capital LP<br>535 Madison Ave, 26th Floor<br>New York, NY 10022<br>Email: fundops@monarchlp.com | 31,391 | 0.33% |
| Great American Life Insurance<br>Attn: Anita Giesler<br>301 E 4th St, 27th Floor | 28,889 | 0.30% |

| | | |
|---|---|---|
| Cincinnati, OH 45202<br>Email: agiester@amfin.com | | |
| Pentwater Event Driven Cayman Fund Ltd.<br>c/o Pentwater Capital Management LP as Investment Advisor<br>Attn: Brian Herward/Max Itkin<br>614 Davis Street<br>Evanston, IL 60201<br>Email: operations@pwcm.com | 20,290 | 0.21% |
| Great American Insurance Company<br>Attn: Anita Giesler<br>301 E 4th St, 27th Floor<br>Cincinnati, OH 45202<br>Email: agiester@amfin.com | 13,155 | 0.14% |
| Zachary Walthall<br>PO Box 250691<br>Plano TX 75025-0691 | 1,689 | 0.02% |
| Daniel Fitzgerald<br>Attn: David Marsella<br>189 Court Street #2,<br>Brooklyn, NY 11201<br>Email: danpfitzgerald@gmail.com | 1,009 | 0.01% |
| Paul Horng<br>6922 135th Pl SE,<br>Newcastle, WA 98039<br>Email: paulhorng@yahoo.com | 823 | 0.01% |
| Ingalls & Snyder LLC<br>Attn: Michael Scura<br>1325 Ave of the Americas, 18th Floor<br>New York, NY 10019<br>Email: mscura@ingalls.cnet | 630 | 0.01% |
| John M Gagliardi III<br>95 Lexington Avenue, Apartment 5G<br>New York, NY 10016<br>Email: jgagliardi@gmail.com | 411 | 0.00%<br>(given the number of units owned, percentage of interest is de minimis) |
| Paul McCally Finnegan<br>1133 Michigan Ave.<br>Evanston, IL 60202<br>Email: paulfinnegan2011@gmail.com | 411 | 0.00%<br>(see above) |
| Christopher Leonick<br>482 Joralemon Street, Apt A4<br>Belleville, NJ 07109<br>Email: christopher.leonick@milliman.com | 411 | 0.00%<br>(see above) |
| Nikhil Verma<br>1265 Carlls Straight Path<br>Dix Hills, NY 11746<br>Email: nlva@aol.com | 405 | 0.00%<br>(see above) |

| | | |
|---|---|---|
| Joseph Klinsky<br>1558 East 29th Street<br>Brooklyn, NY 11229<br>Email: fiftiesfan@yahoo.com | 403 | 0.00%<br>(see above) |
| TD Ameritrade FBO Gerald S Williams<br>Attn: Sarah McDonald<br>200 S 108th Ave<br>Omaha, NE  68154<br>Email:<br>sarah.mcdonald@tdameritrade.com | 247 | 0.00%<br>(see above) |
| David Wayne Brandenberger<br>4936 W. ShangriLa Rd.<br>Glendale, AZ  85304 | 205 | 0.00%<br>(see above) |
| Nicholas Morello, Jr<br>85 Cider Mill Ln<br>Fairfield, CT  06824<br>Email: Nicholas.morello@gmail.com | 205 | 0.00%<br>(see above) |
| Shiro Victor<br>3301 NE 183 St #804<br>Aventura FL 33160<br>Email: shirovictor@gmail.com | 94 | 0.00%<br>(see above) |
| Morgan Stanley<br>Attn: Carrie Reece<br>One New York Plaza, 39th Floor<br>New York, NY  10004<br>Email:<br>voluntary.processing@morganstanley.com | 80 | 0.00%<br>(see above) |
| Guggenheim Securities, LLC<br>Attn: Mr. Victor Maldonado<br>330 Madison Ave. 8th FL<br>New York, NY  10017<br>Email:<br>gcmoperations@guggenheimpartners.com | 45 | 0.00%<br>(see above) |
| Stephen L. Lankford<br>1822 Pitts Road<br>Richmond TX  77406<br>Email: zsll04@yahoo.com | 8 | 0.00%<br>(see above) |
| Yuji Yokoya<br>7-23 1 Chome Nishibaru-Machi<br>Arao - SH1, Kumamoto<br>Ken 864 0053<br>Japan<br>Email: cdb083336@leo.bbiq.jp | 4 | 0.00%<br>(see above) |
| Wells Fargo Securities<br>Attn: Peter Williams<br>1525 W. WT Harris Blvd.<br>Charlotte NC  28262<br>Email: peter.williams@wellsfargo.com | 2 | 0.00%<br>(see above) |

**Fill in this information to identify the case:**

Debtor name  American Apparel, LLC

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known): 16-_____

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Standard General L.P. 767 5th Avenue, 12th Floor, New York, NY 10153 | Attn: Gail D. Steiner Tel: 212-257-4721 Fax: 212-257-4709 | Guaranty of UK Term Loan | Contingent | | | $15,188,143.61 |
| 2 | FTI Consulting, Inc. 200 State Street, 2nd Floor, Boston, MA 02109 | Tel: 617-897-1500 Fax: 617-897-1510 | Professional Services | | | | $2,032,233.00 |
| 3 | Litigation Trustee c/o Klehr Harrison Harvey Branzburg LLP 919 Market Street, Suite 1000 Wilmington, DE 19801-3062 | Attn: Richard M. Beck Tel: 302-426-1189 Fax: 302-426-9193 Email: rbeck@klehr.com | GUC Support Payment | | | | $1,250,000.00 |
| 4 | E & C Fashion, Inc. 3600 E. Olympic Blvd. Los Angeles, CA 90023 | Tel: 323-262-0098 Fax: 323-262-0010 | Trade Debt | Contingent/ Unliquidated | | | $1,140,699.96 |
| 5 | Moelis & Company LLC 399 Park Avenue, 5th Floor, New York, NY 10022 | Tel: 212-883-3800 Fax: 212-880-4260 | Professional Services | | | | $644,997.56 |
| 6 | Garden City Group, LLC 1985 Marcus Avenue, Suite 200, Lake Success, NY 11042 | Attn: Angela Ferrante Tel: 800-327-3664 Email: Angela.Ferrante@gardencitygroup.com | Professional Services | | | | $475,660.15 |
| 7 | Flintfox Consulting Group, Inc. 723 South Casino Center Blvd., 2nd. Floor Las Vegas, NV 89101 | Attn: James Green Tel: 949-310-6271 Email: jgreen@flintfox.com | IT Professional Services | | | | $435,062.22 |

Debtor    **American Apparel, LLC**                                        Case number *(if known)* 16-
                  Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | Media Math Inc. 4 World Trade Center, 150 Greenwich Street, 45th. Floor, New York, NY 10007 | Attn: Richard J. Schaeling Tel: 646-840-4200 ar@mediamath.com | Trade Debt | | | | $351,693.89 |
| 9 | FEDEX Parcel 942 South Shady Grove Road, Memphis, TN 38120 | Tel: 901-818-7500 Fax: 901-395-2000 | Freight | | | | $335,043.17 |
| 10 | GNH Textiles 1988 Camfield Ave, Commerce, CA 90040 | Tel: 310-567-0678 Fax: 323-726-9626 | Trade Debt | Contingent/ Unliquidated | | | $326,295.81 |
| 11 | Google, Inc. 1600 Amphitheatre Parkway, Mountain View, CA 94043 | Attn: David Curtin Tel: 650-253-7752 Email: davidcurtin@google.com | Trade Debt | | | | $325,929.04 |
| 12 | Andari 9626 Telstar Avenue El Monte, CA 91731 | Tel: 626-575-2759 Fax: 626-575-3629 Email: wei.wang@andari.com | Trade Debt | Contingent/ Unliquidated | | | $264,237.01 |
| 13 | YK Textile 2715 E 12th St, Los Angeles, CA 90023 | Attn: Mohammad Yousuf Shaikh Tel: 310-965-9776 Fax: 310-965-9775 Email: yktextile@yahoo.com | Trade Debt | Contingent/ Unliquidated | | | $264,165.70 |
| 14 | United Fabricare Supply Inc. 1237 W. Walnut St., Compton, CA 90220 | Tel: 310-886-3790 Fax: 310-537-2096 | Trade Debt | Contingent/ Unliquidated | | | $229,828.50 |
| 15 | Hitex Dyeing & Finishing Inc. 355 Vineland Avenue, City of Industry, CA 91746 | Tel: 626-363-0160 Fax: 626-363-0161 | Trade Debt | Contingent/ Unliquidated | | | $206,751.30 |
| 16 | MARSH USA INC. 777 South Figueroa Street, Los Angeles, CA 90017 | Tel: 213-346-5236 Email: Richard.M.Lizdenis@marsh.com | Insurance | | | | $205,775.00 |
| 17 | Neo Tex. Inc. 6080 Triangle Drive, Commerce, CA 90040 | Attn: Julie Lee Tel: 323-888-2888 Fax: 323-832-9988 Email: yarn@neotexusa.com | Trade Debt | Contingent/ Unliquidated | | | $176,406.03 |

Debtor  American Apparel, LLC
        Name                                                              Case number (if known) 16-

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Daeshin U.S.A. 610 N. Gilbert St. Fullerton, CA 92833 | Tel: 714-578-8900 Fax: 714-578-8911 | Trade Debt | Contingent/ Unliquidated | | | $176,324.67 |
| 19 | Prime Business Credit, Inc. / JS Apparel, Inc. 1055 W. 7th. Street Suite 2200, Los Angeles, CA 90017<br><br>JS Apparel, 1751 E. Del Amo Blvd., Carson, CA 90746 | Tel: 213-225-1000 Fax: 213-225-1077<br><br>Tel: 310-631-6333 Fax: 310-631-6366 | Trade Debt | Contingent/ Unliquidated | | | $172,250.18 |
| 20 | Fabritex, Inc. 2301 E. 7th Street, #D102 Los Angeles, CA 90023 | Tel: 213-747-1417 Fax: 213-747-5206 | Trade Debt | Contingent/ Unliquidated | | | $142,587.90 |
| 21 | Pacific Continental Textile 2880 Ana Street Rancho Dominguez, CA 90221 | Attn: Mike Kim Tel: 310-639-1500 Fax: 310-608-2300 | Trade Debt | Contingent/ Unliquidated | | | $142,395.54 |
| 22 | Teamkit Far East Ltd. Suite 1713-14 17/F Tower 3 China Hong Kong City33 Canton Road Tsim Sha TsuiKowloon, Hong Kong | Tel: 852-2732-2113 Fax: 852-2374-4387 | Trade Debt | Contingent/ Unliquidated | | | $131,366.74 |
| 23 | Color Graphics 150 N. Meyers Street Los Angeles, CA 90033 | Tel: 323-261-7171 Fax: 323-780-3811 Email: Support@colorgraphics.com | Trade Debt | | | | $121,420.65 |
| 24 | Denik LLC 255 S. 300 W, Suite B Logan, UT 84321 | Attn: Jake Frisby Tel: 801-649-6574 Email frisby@shopdenik.com | Trade Debt | Contingent/ Unliquidated | | | $119,852.00 |
| 25 | Safety Building Cleaning Corp 5 West 37th St, Suite 803 New York, NY 10018 | Attn: Sam Herzfeld Tel: 212-679-2320 Email: sherzfeld@safetyfacilityservices.com | Trade Debt | | | | $114,060.75 |
| 26 | Tri-Star Dyeing & Finishing Inc. 15125 Marquardt Ave. Santa Fe, CA 90670 | Attn: Robert Kim Tel: 562-483-0123 Fax: 562-486-0122 Email: Rk777@tristar-df.com | Trade Debt | Contingent/ Unliquidated | | | $109,183.36 |

| Debtor | American Apparel, LLC | | | Case number (if known) 16- | | |
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 27 Adobe Systems Incorporated 345 Park Avenue, San Jose, CA 95110-2704 | Attn: Bori Ly Tel: 385-345-2851 Email boly@adobe.com | Software | | | | $98,543.20 |
| 28 Transform, Inc. 600 108th Avenue NE, Ste 1020 Bellevue, WA 98004 | Tel: 855-297-4274 Fax: 301-210-4319 Email: info@transforminc.com | Supplemental Staffing | | | | $93,961.00 |
| 29 UPS Mail Innovations 12380 Morris Road, Alpharetta, GA 30005 | Tel: 800-500-2224 ext. 3 Email: info@ups-mi.com | Freight | | | | $93,841.00 |
| 30 Accounttemps 865 S. Figueroa St., Suite 2600 Los Angeles, CA 90017 | Attn: Venus Despas Tel: 925-913-2664 Fax: 925-394-5246 fax Email:venus.despas@robert half.com | Supplemental Staffing | | | | $86,431.92 |

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN APPAREL, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐None [*check if applicable*]

| Name | Address | Percentage |
|---|---|---|
| Monarch Alternative Solutions Master Fund Ltd;<br><br>Monarch Capital Master Partners II LP;<br><br>Monarch Capital Master Partners III LP;<br><br>MCP Holdings Master LP;<br><br>Monarch Debt Recovery Master Fund Ltd;<br><br>P Monarch Recovery Ltd | Michael Gillin<br>c/o Monarch Alternative Capital LP<br>535 Madison Ave, 26th Floor<br>New York, NY  10022<br>Email:  fundops@monarchlp.com | 41.73% |
| Goldman Sachs Trust, on behalf of the Goldman Sachs High Yield Floating Rate Fund;<br><br>Goldman Sachs Lux Investment Funds for the benefit of Goldman Sachs High Yield Floating Rate Portfolio (Lux);<br><br>Goldman Sachs Lux Investment Funds for the benefit of Goldman Sachs Global Multi-Sector Credit Portfolio (Lux);<br><br>Global Opportunities, LLC;<br><br>Global Opportunities Offshore, Ltd. | Attn Lale Topcuoglu/Jean Joseph<br>c/o Goldman, Sachs & Co.<br>200 West Street<br>New York, NY  10282<br>Email:  Gs-am-bi-trading@gs.com | 20.33% |

| | | |
|---|---|---|
| Oceana Master Fund Ltd.;<br><br>PWCM Master Fund Ltd.;<br><br>AAI Pentwater Fund Public Limited Company;<br><br>LMA SPC for and on behalf of Map 98 Segregated Portfolio;<br><br>Pentwater Event Driven Cayman Fund Ltd. | c/o Pentwater Capital Management LP as Investment Advisor<br>Attn:  Brian Herward/Max Itkin<br>614 Davis Street<br>Evanston, IL  60201<br>Email:  operations@pwcm.com | 16.27% |
| Coliseum Capital Partners, L.P;<br><br>Coliseum Capital Partners; II, L.P.;<br><br>Blackwell Partners, LLC, Series A. | Attn: Tom Sparta/Harrison Krieger<br>1 Station Place, 7th Fl. South<br>Stamford, CT 06902<br>Email:  tsparta@ccap-llc.com;<br>krieger@ccap-llc.com | 15.68% |

Fill in this information to identify the case:

Debtor name      American Apparel, LLC

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule* _____
☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒    Other document that requires a declaration      **Corporate Ownership Statement**
                                                     **List of Equity Holders**
                                                     **Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/14/16        X _____
                              Signature of individual signing on behalf of debtor

                              **Bennett L. Nussbaum**
                              Printed name

                              **Chief Financial Officer**
                              Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy