## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

In re:                                    :    Chapter 11
                                          :
AMERICAN APPAREL, LLC, *et al.*,[1]       :    Case No. 16-12551 (BLS)
                                          :
                    Debtors.              :    (Jointly Administered)
_____   :

**Hearing Date: December 12, 2016 at 1:00 p.m. (EST)**
**Objection Deadline: December 5, 2016 at 4:00 p.m. (EST)**
**Re: Docket No. 140**

## OBJECTION OF 60G 121 SPRING STREET LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE EXTENDING THE TIME WITHIN WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

60G 121 Spring Street LLC (the "Landlord"), by and through its attorneys, Cole Schotz

P.C., submits this objection (the "Objection") to the Debtors' motion for entry of an order

pursuant to Section 365(d)(4) of the Bankruptcy Code extending the time within which the

Debtors must assume or reject unexpired leases of nonresidential real property [Docket No. 140]

(the "Motion"). In support of the Objection, the Landlord respectfully represents as follows:

## BACKGROUND

1.      On November 14, 2016 ("Petition Date"), each of the Debtors filed a voluntary

petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

Upon information and belief, since the Petition Date, the Debtors continue in possession of their

properties and the management of their businesses as debtors in possession pursuant to

Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, LLC (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

2.      On November 22, 2016, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors.

3.      As of the Petition Date, American Apparel Retail Inc. f/k/a American Apparel, Inc., one of the within Debtors ("AA"), occupied the ground floor of the building and a portion of the basement located at 121 Spring Street, New York, New York (the "Premises") pursuant to a lease between Landlord's predecessor-in-interest and AA dated March 9, 2004, as amended by an Amendment of Lease dated April 24, 2009 (the "Lease").

4.      Landlord and AA are parties to a lease termination agreement made and entered as of April 13, 2015 (the "Lease Termination Agreement").   A true copy of the Lease Termination Agreement is attached as **Exhibit A**.

5.      Pursuant to the Lease Termination Agreement, Landlord and AA agreed to terminate the Lease effective as of 11:59 p.m. on the earlier of (i) January 8, 2017 (the "Surrender Date") or (ii) the date on which the Landlord delivers the "Additional Payment" and any "Security Deposit," each as defined in Section 2(a)(ii) of the Lease Termination Agreement.

6.      On December 1, 2016, Landlord delivered the "Additional Payment" in the amount of $700,000 and the "Security Deposit" in the amount of $80,000 to the escrow agent in accordance with the Lease Termination Agreement.[2]

7.      Accordingly, the Lease is deemed terminated as of December 1, 2017 and AA is required to surrender possession of the Premises no later than January 8, 2017.

8.      Moreover, pursuant to Section 2(e) of the Lease Termination Agreement, AA agreed that, to the extent the automatic stay of Section 362(a) of the Bankruptcy Code applies, it

---

[2] Landlord previously had delivered the "Initial Payment" of $2,000,000 under the Lease Termination Agreement.

promptly will stipulate to the termination of the Lease so that Landlord "can exercise all of its rights and remedies and thereby obtain the benefit of its bargain hereunder without delay."

## OBJECTION

9.      In view of the termination of the Lease by the express terms of the Lease Termination Agreement, AA is unable to extend the time to assume or reject the Lease and should surrender the Premises to the Landlord no later than January 8, 2017.[3]

WHEREFORE, the Landlord requests that the Court deny the Motion with respect to the Lease and granting Landlord such other relief as the Court deems just and proper under the circumstances.

Dated: December 5, 2016
Wilmington, Delaware

COLE SCHOTZ P.C.

By: */s/ Nicholas J. Brannick*
Nicholas J. Brannick (I.D. No.5721)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
nbrannick@coleschotz.com

- and -

Ilana Volkov
25 Main Street
Hackensack, NJ 07602-0800
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
ivolkov@coleschotz.com

*Counsel for 60G 121 Spring Street LLC*

---

[3] Before the hearing on the Motion, Landlord will provide AA with a draft stipulation vacating the automatic stay.