IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN APPAREL, INC., *et al.*, | : | Case No. 16-12551 (BLS) |
| | : | |
| Debtors. | : | |

**OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE TIME WITHIN WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND CROSS-MOTION TO LIMIT THE TIME WITHIN WHICH THE DEBTORS MAY ASSUME OR REJECT THE LEASE OF RS JZ BEDFORD, - 6TH, LLC PURSUANT TO 11 U.S.C. § 365(d)(2)**

TO: HON. BRENDAN L. SHANNON,
UNITED STATES BANKRUPTCY JUDGE:

The Law Offices of Douglas T. Tabachnik, P.C., by Douglas T. Tabachnik, counsel to RS JZ Bedford, - 6th, LLC (the "Landlord"), in opposition to the Debtors' motion for entry of an order pursuant to section 365(d)(4) of the Bankruptcy Code extending the time within which the Debtors must assume or reject unexpired leases of nonresidential real property, and in support of the Landlord's cross-motion to limit the time within which the Debtors may elect to assume or reject the lease between the Landlord and the Debtors, pursuant to section 365(d)(2) of the Bankruptcy Code, respectfully shows to the Court as follows:

1. By this opposition, the Landlord seeks to hold the Debtors to their promise, made only one week prior to, and in the shadow of the then-imminent and widely anticipated instant bankruptcy proceedings, which was itself a settlement of the cure amount objection filed by Landlord's predecessor in interest in the Debtors' 2015 bankruptcy case, Chapter 11 Case number 15-12055-BLS (the "Prior Bankruptcy Case"). In the context of that objection, the Landlord and the Debtors entered into a new lease (the "New Lease") that culminated several

1

months of negotiations, and which provided detailed provisions for the limitation of the time within which the Debtors would be required to move to assume or reject the New Lease to 60 days from the date of the filing, as well as additional provisions for the provision of adequate assurance of performance in the event of an assumption and assignment of same.

**A. Objection to the Motion to Extend Time**

2.  The detailed factual background is recited in the accompanying certification of Benjamin R. Bernstein, and is incorporated herein by reference and at length, both in opposition to the instant motion and in support of the cross motion of the Landlord. The Debtors filed their notice of executory contracts and residential leases to be assumed and amounts required to cure defaults, docket number 497, in the Prior Bankruptcy Case, and in response to which the Landlord's predecessor in interest filed a detailed objection. Copies of both of these documents are annexed hereto as **Exhibits A and B**, respectively.[1]

3.  It is well-established that bankruptcy courts will enforce contractual obligations of the parties to an executory contract that do not violate the prohibitions of 11 U.S.C. § 365(e) as "*ipso* facto" clauses. See e.g., In re C.A.F. Bindery, 199 B.R. 828 (Bankr. S.D.N.Y. 1996). In the case at bar, parties negotiated for the relevant provisions limiting the time within which the Debtors would be able to assume or reject the New Lease, as well as the provisions for adequate assurance of performance in the event of an assumption and assignment of the New Lease. The

---

[1] The Landlord respectfully requests that this Court take judicial notice of the pleadings and proceedings, as well as the orders entered in the Prior Bankruptcy Case, referenced both herein and in the accompanying Certification of Benjamin R. Bernstein, pursuant to Federal Rule of Evidence 201. Federal Rule of Evidence 201 provides, in pertinent part, as follows:

> (b)… The court may judicially notice of fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) … The court: …(2) must take judicial notice if a party requested and the court is supplied with the necessary information.

Fed. R. Evid 201. (Lexis 2016).

document itself is a settlement agreement emanating from the Prior Bankruptcy Case.

    4.    The bankruptcy courts over the years have expressed a profound willingness to enforce settlements between parties according to the terms of same. See. e.g., In re Citadel Properties, Inc., 86 B.R. 275, 276 (Bankr. M.D. Fla. 1988). Moreover, where the "debtor agreed to and did in fact wave a single benefit of the Bankruptcy Code, not all the rights and benefits provided by the Code" the court will enforce such a prepetition agreement. In re Club Tower LP, 138 B. R. 307, 311 (Bankr. N.D. Georgia 1991).[2] In the case at bar, the Debtors agreed to limit, not waive, the time within which they would be able to elect whether to assume or reject the New Lease. Moreover, the context of the agreement, within the confines of a settlement of a prepetition dispute emanating from the Prior Bankruptcy Case, argue strongly in favor of this Court supporting the long heralded policy of supporting and enforcing prepetition settlement agreements as a means of furthering the "legitimate public policy of encouraging out-of-court restructurings and settlements." Id. at 312 (citations omitted).

B. **Cross Motion to Limit the Debtors' Time to Assume or Reject**

    5.    Section 365(d)(2) of the Bankruptcy Code provides, as follows:

> In a case under chapter 9, 11, 12, or 13 of this title [11 USCS §§ 901 et seq., 1101 et seq., 1201 et seq., or 1301 et seq.], the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan *but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.*

11 U.S.C.S. § 365 (LexisNexis 2016) (emphasis added).

---

[2] Cf., In re TWA, 261 B.R. 103 (Bankr. DE 2001), in which the debtor sought to reject an agreement with a creditor who, pre-petition, secured from the debtor a wholesale waiver of the right to reject the executory contract. In the case at bar, the Landlord and Debtors entered into an agreement which was: a) a settlement of the dispute extant between the parties arising from the Prior Bankruptcy Case, and b) a limitation of the time within which the Debtors would file a motion to assume or reject the New Lease. These facts, it is respectfully submitted, set this case apart from those that were salient to the TWA court.

3

6. Pursuant to this section, and the case law interpreting the same, "What constitutes a reasonable time is left to the bankruptcy court's discretion in the light of the circumstances of each case." In re Hawker Beechcraft, Inc., 483 B.R. 424, 429 (Bankr. S.D.N.Y. 2012). In Hawker Beechcraft, the court there noted that the debtors' conduct implicitly conceded the time limits within which they would be able to determine whether to assume or reject the executory contract there at issue. Id. at 431 ("the Debtors have implicitly conceded that they need only another four weeks to make the assumption/rejection decision.").

7. In the case at bar, on the eve of their second and widely anticipated bankruptcy filing, the Debtors in this case made a similar determination by entering into the New Lease, and should be held to this timetable. Accordingly, it is appropriate for this Court to direct that the time within which the Debtors should be required to determine whether to assume or reject the New Lease should be limited to January 13, 2017, the date that is 60 days after the date of the filing.

8. The Hawker Beechcraft court noted that

Courts have articulated various tests or guidelines that should inform the decision whether to enlarge or reduce a debtor's time to assume or reject an executory contract. In *In re Adelphia Commc'ns*, the court synthesized these decisions and developed a twelve factor test that included the following elements:

1. the nature of the interests at stake;

2. the balance of the hurt to the litigants;

3. the good to be achieved;

4. the safeguards afforded to the litigants;

5. whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary;

6. the debtor's failure or ability to satisfy post-petition obligations;

> 7. the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;
>
> 9. whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization;
>
> 10. whether there is a need for judicial determination as to whether an executory contract exists;
>
> 11. whether exclusivity has been terminated; and
>
> 12. above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors.
>
> In re Adelphia Commc'ns, 291 B.R. at 293 (quotations marks and citations omitted); accord In re Dana Corp., 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006). These factors are not exhaustive, and depending on the circumstances, there may be other factors that a bankruptcy court should consider. See South Street Seaport Limited Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996). The burden rests with the movant to demonstrate cause. Dana Corp., 350 B.R. at 147.

<u>In re Hawker Beechcraft, Inc.</u>, 483 B.R. 424, 429 (Bankr. S.D.N.Y. 2012). Application of these guidelines, it is respectfully submitted, to the extent that they are applicable, militates in favor of granting the cross motion.

9.      Specifically, the Debtors would still have, under the proposed timeline in the cross motion, an additional 30 days within which to determine whether to assume or reject the New Lease (guideline number <u>four</u>).  The action to be taken and suggested by the Landlord is consistent with Congress's statutory scheme as indicated by the provision of a specific statutory provision for the same (guideline five). As indicated by the Bernstein certification submitted herewith, the ability of having certainty with respect to the tenancy of the demised premises has an impact on the bankability of the premises, and the underlying financial operations as indicated by the Landlord's lender (guideline seven). And, the Debtors have clearly had sufficient time to appraise their financial situation and the potential value of their assets in formulating a plan in

relation to the subject New Lease, having undertaken a lengthy negotiation to preserve and negotiate the same and entering into it only one week prior to the filing of the instant bankruptcy proceedings (guideline nine). Indeed, it is respectfully submitted that the filing of the prepackaged second bankruptcy case would admit as much.

WHEREFORE, the Landlord respectfully requests that as to the New Lease between the Debtors and the Landlord, the Debtors' motion be denied and the Landlord's cross motion be granted, limiting the Debtors time within which to assume or reject the New Lease to the date of January 13, 2017, together with such other and further relief as to this court seems just, proper and equitable.

LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

/s/ *Douglas T. Tabachnik*
Douglas T. Tabachnik, Esq.
63 West Main St.
Suite C
Freehold, NJ 07728-2141
Tel: (732) 780-2760
Fax: (732) 780-2761
dtabachnik@dttlaw.com

-and-

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE #3995)
The Rosner Law Group LLC
824 N. Market Street
Suite 810
Wilmington, DE 19801
Tel: (302) 319-6300
rosner@teamrosner.com

*Attorneys for Landlord*