IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMERICAN APPAREL, LLC, et al.,[1] | Case No. 16-12551 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 5 |

**FINAL ORDER ESTABLISHING ADEQUATE ASSURANCE
PROCEDURES WITH RESPECT TO THE DEBTORS' UTILITY PROVIDERS**

This Court has considered the *Motion for Interim and Final Orders Establishing Adequate Assurance Procedures With Respect to Utility Providers* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and the evidence adduced with respect to the Motion at a hearing before this Court (the "Hearing") and entered an Order on the Motion (the "Interim Utilities Order") [Docket No. 68]. Certain parties (the "Objecting Utilities") filed an objection (the "Utility Objection") to the Motion [Docket No. 199]. This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): American Apparel, LLC (0601); American Apparel (USA), LLC (8940); American Apparel Retail, Inc. (7829); American Apparel Dyeing & Finishing, Inc. (0324); KCL Knitting, LLC (9518); and Fresh Air Freight, Inc. (3870). The address of each of the Debtors is 747 Warehouse Street, Los Angeles, California, 90021.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

estates and their creditors, and is necessary to prevent immediate and irreparable harm to the Debtors and their estates; and

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis.

2. The hearing on the Motion is CONTINUED as to the Objecting Utilities. The Objecting Utilities will continue to be bound by the Interim Utilities Order until the earlier of (a) an agreement has been reached between the Debtors and the Objecting Utilities or (b) a further Order of the Court is entered with the respect to Utility Objection. If the Debtors and the Objecting Utilities are able to resolve the Utility Objection, they may submit such resolution to the Court on a certification of counsel and proposed order. If the Utility Objection is not resolved, the Court will hold a hearing with respect thereto on December 19, 2016, at 11:30 a.m. Eastern Standard Time. The Debtors and the Objecting Utilities reserve the right to further adjourn this hearing.

3. The Debtors are authorized, in the Debtors' discretion, subject to any order approving the Debtors' postpetition financing facility (the "<u>DIP Order</u>") and the documentation in respect of the postpetition financing facility (the "<u>DIP Documents</u>"), to pay any amounts as described herein on a final basis.

4. Subject to the procedures described below, no Utility Company, including any internet service provider or Subsequently Added Utility, may (a) alter, refuse, terminate or discontinue utility services to, and/or discriminate against, the Debtors on the basis of the commencement of this chapter 11 case or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as

a condition to the Debtors receiving such utility services.

5. Subject to the Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

6. The following Adequate Assurance Procedures are approved in all respects:

   a. Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve an Additional Assurance Request at the following addresses: (i) American Apparel, Inc., 747 Warehouse St., Los Angeles, California 90021 (Attn: Lance Miller, Esquire) (ii) Jones Day, 555 S. Flower St., 50th Floor, Los Angeles, CA 90071 (Attn: Erin Brady, Esq.) and 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg); and (iii) Pachulski, Stang, Ziehl and Jones, 919 N. Market St., 17th Floor, Wilmington, DE 19801, (Attn: Laura Davis Jones, Esq.) (collectively, the "Notice Parties").

   b. Any Additional Assurance Request must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company; (v) describe any payment delinquency or irregularity by the Debtors for the postpetition period, if any; and (vi) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

   c. If an Additional Assurance Request is delivered to the Notice Parties, the Debtors shall have twenty-one days from receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company without application to or approval of the Court.

   d. The Debtors are authorized to resolve, in their discretion, any Additional Assurance Request by mutual agreement with the requesting Utility Company without further order of the Court and, in connection with any such agreement and in their discretion, may provide the requesting Utility Company with alternative adequate assurance of payment including cash deposits, prepayments, or other forms of security, if the Debtors believe

such alternative assurance is reasonable.

e. If the Debtors determine that an Additional Assurance Request is not reasonable and the parties are not able to resolve such request during the Resolution Period, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "<u>Determination Hearing</u>"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f. Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such a request may not discontinue, alter or refuse service to the Debtors on account of unpaid charges for prepetition services or an alleged lack of adequate assurance of payment.

7. All Utility Companies (other than the Objecting Utilities) shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to (i) an Additional Assurance Request or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

8. To the extent that the procedures set forth herein are not in technical compliance with certain time periods set forth in section 366 of the Bankruptcy Code, the Debtors have demonstrated good cause for the extension of the 30-day and 20-day protective time periods under sections 366(c)(2) and 366(b) of the Bankruptcy Code, respectively.

9. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

10. The Debtors are authorized, in their discretion, to amend the Utility Service List to add or delete any Utility Company, and this order and the Adequate Assurance Procedures shall apply to any Subsequently Added Utility. The Debtors shall add to or

subtract from the Adequate Assurance Deposit an amount equal to two weeks of the Debtors' average cost of utility service for each removed or Subsequently Added Utility.

11. The Debtors shall serve a copy of this order on each Utility Company listed on the Utility Service List within two business days after the date of this order is entered, and shall promptly serve this order on any Subsequently Added Utility.

12. The Debtors shall have the Resolution Period to resolve any Subsequently Added Utility's Additional Assurance Request by mutual agreement without further order of this Court or to schedule a Determination Hearing with this Court.

13. The relief granted herein is for all Utility Companies (other than the Objecting Utilities pending entry of a further Order) providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Service List.

14. Nothing in the Motion or this Order shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) a request to assume or reject any executory contract or unexpired lease; or (e) the assumption of any contract.

15. Nothing contained in the Motion or this order is intended or should be construed to create an administrative priority claim on account of any claim.

16. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

17. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this order.

Dated: December 9, 2016
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge