# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| APP WINDDOWN, LLC, et al.,[1] | : | Case No. 16-12551 (BLS) |
| Debtors. | : | (Jointly Administered) |
|  | : | *Ref. Dkt. #1435* |

### ORDER APPROVING DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING (A) THE SALE OF SHARES OF A FOREIGN AFFILIATE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (B) THE RELEASE AND WAIVER OF CLAIMS, AND (II) GRANTING RELATED RELIEF

This matter coming before the Court on the *Debtor's Motion for an Order (I) Authorizing (A) the Sale of Shares of a Foreign Affiliate Free and Clear of All Liens, Claims, Encumbrances And Interests, and (B) the Release and Waiver of Claims, and (II) Granting Related Relief* (the "Motion"),[2] filed by APP Retail Winddown, Inc. (the "Debtor") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order (i) authorizing APP Retail to enter into an agreement with Mr. Huh to sell him shares of AA Korea (the "Sale"), (ii) authorizing the release and waiver of claims in connection therewith, (iii) authorizing, but not directing, the APP Retail to execute, deliver, perform under, consummate and implement the Sale, and (iv) granting

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): APP Winddown, LLC (f/k/a American Apparel, LLC) (0601); APP USA Winddown, LLC (f/k/a American Apparel (USA), LLC) (8940); APP Retail Winddown, Inc. (f/k/a American Apparel Retail, Inc.) (7829); APP D&F Winddown, Inc. (f/k/a American Apparel Dyeing & Finishing, Inc.) (0324); APP Knitting Winddown, LLC (f/k/a KCL Knitting, LLC) (9518); and APP Shipping Winddown, Inc. (f/k/a Fresh Air Freight, Inc.) (3870). The address of each of the Debtors is 107 Millcreek Corners, Suite B, PO Box 5129, Brandon, MS 39407.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

certain related relief; the Court having reviewed the Motion and having heard the statements of

counsel regarding the relief requested in the Motion at any hearing before the Court

(the "Hearing"); and it appearing that the relief requested in the Motion is in the best interests of

APP Retail, its estate, its stakeholders, and all other parties-in-interest; and after due deliberation

thereon, and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

        A.    This Court has jurisdiction over the Motion and the relief requested

thereby pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C.

§ 157(b)(2).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408

and 1409.

        B.    Notice of this Motion and the Hearing was good, sufficient and

appropriate under the circumstances, and no other or further notice of the Motion, the Purchase

Agreement or the transactions contemplated therein is required.

        C.    The legal predicates for the relief requested herein are sections 105 and

363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Bankruptcy Rule

6004-1.

        D.    APP Retail has demonstrated good, sufficient, and sound business

purposes and justification for the Sale and the releases set forth in the Purchase Agreement.

        E.    A reasonable opportunity to object or be heard with respect to the Motion

and the relief requested therein has been afforded to interested persons and entities, including

without limitation: (i) Mr. Huh; (ii) the official committee of unsecured creditors;

---

[3] The findings of fact and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

- 2 -

NAI-1502547547v1

(iii) the prepetition secured lenders; (iv) the United States Trustee; and (v) all other parties who have filed a notice of appearance and request for service of documents in this case; and (vi) such other entities as are required to be served with notices. [No parties objected to the Sale or otherwise demonstrated and interest in acquiring the Shares after the filing of the Motion.]

    F.  The Purchase Agreement was negotiated, proposed, and entered into by APP Retail, Mr. Huh, and (solely with respect to the release provisions) AA Korea without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Debtor nor the Buyer has engaged in any conduct that would cause or permit the Sale or any part of the transactions contemplated by the Purchase Agreement to be avoidable under 11 U.S.C. § 363(n).

    G.  Mr. Huh is a good faith purchaser under 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.  Mr. Huh will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the Sale after the entry of this Order.

    H.  The consideration provided by the Mr. Huh for the Shares in connection with the Sale is fair and reasonable.

    I.  The Sale of 80,000 Shares to the Mr. Huh will be a legal, valid, and effective transfer of the Shares and shall vest Mr. Huh with all right, title, and interest of APP Retail to the Shares free and clear of any and all liens, claims, interests, and encumbrances of any type whatsoever (whether known or unknown, secured or unsecured or in the nature of setoff or recoupment, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise,

- 3 -

including claims otherwise arising under doctrines of successor liability) (all such liens, claims, interests, and encumbrances, the "Interests and/or Claims").

J.    If the Sale of the Shares of the Shares were not free and clear of all Interests and/or Claims as set forth in this Order and the Purchase Agreement, Mr. Huh would not have entered into the Purchase Agreement and would not consummate the Sale or the transactions contemplated by the Purchase Agreement, thus adversely affecting APP Retail, its estate, and its stakeholders.

K.    The Debtor may sell or transfer their interests in the Share free and clear of all Interests and/or Claims because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. All holders of Interests and/or Claims who did not object, or withdrew their objections to the Sale, are deemed to have consented to the Sale pursuant to 11 U.S.C. § 363(f)(2), and all holders of Interests and/or Claims are adequately protected by having their Interests and/or Claims, if any, attach to the cash proceeds of the Sale ultimately attributable to the property against or in which they claim an Interest and/or Claim with the same priority, validity, force, and effect as they attached to such property immediately before the closing of the Sale.

L.    Approval of the Purchase Agreement and consummation of the Sale at this time are in the best interests of APP Retail, its estate, and its stakeholders, and other parties-in-interest.

M.    Nothing in the Purchase Agreement creates any third party beneficiary rights in any entity not a party to the Purchase Agreement.

- 4 -

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**A.    General Provisions**

         1.    The Motion is GRANTED as set forth herein.  Any remaining objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are overruled on the merits with prejudice and denied.  All parties and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

**B.    Approval of the Purchase Agreement**

         2.    Pursuant to sections 105 and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Bankruptcy Rules 6004-1, the Purchase Agreement and all of the terms and conditions thereof are hereby approved.  APP Retail is authorized, but not directed, to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement a, together with all additional instruments and documents as may be reasonably necessary or desirable to implement and close the Sale, and to take all further actions necessary or appropriate to perform its obligations under the Purchase Agreement as may be reasonably requested by Mr. Huh for the purpose of assigning, transferring, granting, conveying, and conferring to the Shares to him.

         3.    This Order and the Purchase Agreement shall be binding in all respects upon the APP Retail, its estate, and its stakeholders, Mr. Huh, AA Korea, and its affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all entities asserting an Interest and/or Claim against or in the Shares to be sold to Mr. Huh notwithstanding any subsequent appointment of any trustee or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee or other fiduciary such terms and provisions likewise shall be binding.

- 5 -

4. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided that any such modification, amendment, or supplement does not have a material adverse effect on the APP Retail's estate in the good faith business judgment of APP Retail.

**C.    Sale of the Shares**

5. Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement or this Order, pursuant to 11 U.S.C. §§ 363(b) and 363(f), upon the consummation of the Sale and receipt by APP Retail of the purchase price, APP Retail's right, title, and interest in 80,000 Shares shall be transferred to Mr. Huh free and clear of all Interests and/or Claims, with all such Interests and/or Claims to attach to the cash proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they had as against the Shares immediately before such transfer, subject to any claims and defenses APP Retail may possess with respect thereto.  In addition, in accordance with the Court's January 12, 2017 Order Approving Settlement [Docket No. 493, Ex. 1, ¶6], all of the cash proceeds of the Sale shall constitute collateral of the Prepetition Secured Parties (as defined in such order) and shall therefore be subject to the Final Order (I) Authorizing the Debtors to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties and (III) Grating Related Relief [Docket No. 492].

6. The Sale of 80,000 Shares to Mr. Huh pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Shares, and, upon receipt by APP Retail of the purchase price, shall vest the Mr. Huh with all right, title, and interest of APP Retail in and to the Shares free and clear of all Interests and/or Claims of any kind or nature whatsoever.

NAI-1502547547v1

7.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the APP Retail to sell and transfer the Shares, in each case in accordance with the terms of the Purchase Agreement or this Order.

8.    Upon the closing of the Sale, each of APP Retail's creditors is authorized and directed to execute such documents and take all other such actions as may be necessary to release their respective Interests and/or Claims against the Shares, if any, as such Interests and/or Claims may have been recorded or may otherwise exist.

9.    Each and every United States federal, state, and local governmental agency or department, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

10.    All entities which are currently, or as of the closing of the Sale may be, in possession of some or all of the Shares to be sold, transferred, or conveyed pursuant to the Purchase Agreement are hereby directed to surrender possession of such Shares to the Mr. Huh upon the closing of the Sale.

11.    All entities holding Interests and/or Claims against or in APP Retail or the Shares of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests and/or Claims of any kind or nature whatsoever against Mr. Huh, his property, his assigns, or the Shares with respect to any Interest and/or Claim of any kind or nature whatsoever which such person or entity had, has, or may have against or in the APP Retail, its estate, its officers, its directors, its shareholders, or the Shares.

- 7 -

**E.    Approval of the Releases**

12.    APP Retail is authorized, upon receipt of the purchase price, to release claims against AA Korea (including any intercompany balance (including, without limitation, the $3.3 million scheduled claim or the KRW9.5 billion claim AA Korea has acknowledged), its management, and its employees and against Mr. Huh.

13.    Mr. Huh and AA Korea shall not demand, commence any action, pursue, or otherwise seek any recovery or funds from the Debtors or any of their directors, officers, or employees, with respect to any claims that are released pursuant to the Purchase Agreement (including, without limitation, the  KRW7 billion claim AA Korea asserts it is owed) .

**E.    Additional Provisions**

14.    The transactions contemplated by the Purchase Agreement are undertaken by Mr. Huh in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale and transfer of the Shares shall not affect the validity of the Sale to Mr. Huh, unless such authorization is duly stayed pending such appeal.  Mr. Huh is a purchaser in good faith of the Assets pursuant to section 363(m) of the Bankruptcy Code, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

15.    The consideration provided by Mr. Huh for 80,000 Shares under the Purchase Agreement fair and reasonable and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

16.    The failure specifically to include or to reference any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in their entirety.

17.    To the extent any other order in this case (including any order confirming a chapter 11 plan, any order entered after a conversion of this case under chapter 7 of the Bankruptcy Code or any order dismissing these chapter 11 cases) alters, conflicts with, or derogates from the provisions of this Order, the provisions of this Order shall control.

18.    This Court retains exclusive jurisdiction to interpret, construe, enforce, and implement the terms and provisions of this Order, the Purchase Agreement, all amendments to any of the foregoing, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Shares to Mr. Huh, (b) compel delivery of the purchase price or performance of other obligations owed pursuant to the Purchase Agreement, (c) resolve any disputes arising under or related to the Purchase Agreement, except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Order, and (e) protect Mr. Huh against any Interests and/or Claims against or in APP Retail or the Shares, of any kind or nature whatsoever, attaching to the proceeds of the Sale. For cause shown, pursuant to Bankruptcy Rule 6004(h), this Order shall not be stayed, shall be effective immediately upon entry, and the APP Retail and Mr. Huh are authorized to close the Sale immediately upon entry of this Order.

19.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

20.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

Dated:    Wilmington, Delaware

Jan 24          , 2018

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

- 10 -

NAI-1502547547v1