IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| APP WINDDOWN, LLC, *et al.*, | : | Case No. 16-12551 (BLS) |
| | : | |
| | : | **Obj. Deadline: July 10, 2018** |
| Debtors. | : | **Hearing Date: July 17, 2018 at 10:00 a.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR AN
ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING THE
FORM AND MANNER OF SERVICE OF DISCLOSURE STATEMENT NOTICE,
(III) ESTABLISHNG PROCEDURES FOR SOLICITATION AND TABULATION
OF VOTES TO ACCEPT OR REJECT PLAN OF LIQUIDATION AND
(IV) SCHEDULING A HEARING ON CONFIRMATION OF PLAN OF
LIQUIDATION**

In support of his Objection to the Debtors' Motion for an Order (I) Approving

Disclosure Statement, (II) Approving the Form and Manner of Service of the Disclosure

Statement Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes to

Accept or Reject Plan of Liquidation and (IV) Scheduling a Hearing on Confirmation of Plan

of Liquidation (the "Motion"), Andrew R. Vara, the Acting United States Trustee for Region

3 ("U.S. Trustee"), by and through his undersigned counsel, states as follows:

1.      This Court has jurisdiction to hear this Objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative

oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to

enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United*

*States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-

96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. §

307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

## BACKGROUND

4.      On November 14, 2016, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On November 22, 2016, an official committee of unsecured creditors (the "Committee) was appointed by the U.S. Trustee.

6.      On June 12, 2018, the Debtors filed (i) their Joint Plan of Liquidation (the "Plan") and (ii) Disclosure Statement for the Plan (the "Disclosure Statement").

7.      On June 26, 2018, the Debtors filed a motion for entry of an order approving the Disclosure Statement and approving solicitation procedures (the "Motion").

## PRELIMINARY STATEMENT

8.      The U.S. Trustee objects to certain provisions of the proposed order attached to the Motion, as set forth in more detail below.  In addition, at confirmation, the U.S. Trustee anticipates raising certain inappropriate provisions currently set forth in the Plan, which may render the Plan unconfirmable as drafted.

## ARGUMENT

9.      The U.S. Trustee objects to the proposed order attached to the Motion on the following grounds:

- Paragraph 4 of the proposed order seeks approval of the content and mailing of solicitation packages. In particular, contrary to Rule 3017(d), the Debtors propose to provide instructions to access the Disclosure Statement and Plan through the Debtors' Document Website in lieu of providing copies of such documents, or a USB drive containing electronic copies, to those parties entitled to receive such documents under Bankruptcy Rule 3017(d). See Motion ¶ 30. Rule 3017(d) only permits the Court to "order otherwise with respect to one or more unimpaired classes." The Debtors should be required to provide copies of the Disclosure Statement and Plan to creditors and interest holders as required by Bankruptcy Rule 3017(d).

- Paragraph 14 of the proposed order provides a deadline to file Rule 3018 Motions to allow claims for voting purposes. A deadline for filing objections to claims for voting purposes should also be included in the proposed order.

10. Without waiving the right to raise further issues at confirmation, the U.S. Trustee hereby gives notice of several problematic provisions that could ultimately make the Plan unconfirmable.

11. The Debtor release provision contained in Section VI.B. of the Plan is overbroad and impermissible without a showing of the necessity of such releases. *See In re Zenith Electronics Corp.*, 241 B.R. 92 (Bankr. D. Del. 1999). If the provision is necessary for confirmation, then absent the showing of the necessity, for example, that employees, officers or directors have made substantial contributions supporting such releases, the Debtors appear to have proposed a plan that is unconfirmable as a matter of law.

12. The language at issue in section VI.C. of the Plan contemplates the release of

all Released Parties, among other parties, by each of the Releasing Parties.[1]  The Ballots also indicate that the Debtors will seek application of the release to all holders of Claims and Interests, regardless of whether such parties have consented, opted out of the release or submitted a ballot.  This language is problematic for several reasons.  As currently drafted, the release does not appear to be voluntary.  To the extent the Debtors seek to reserve the right to argue that the release is binding on all holders of claims, it is not clear how the Debtors can argue that parties can be bound to a release with respect to which such parties have clearly opted out.  Finally, to the extent parties do not vote in favor of the plan (or do not return a ballot), they have not consented to a release.

13.      In *In re Zenith Electronics Corp.*, 241 B.R. 92 (Bankr. D. Del. 1999), this Court considered the permissibility of non-consensual non-debtor releases in a plan.  This Court considered the proposed release of the creditors' claims against the plan funder where a creditor voted to accept the plan, or was in a class that voted to accept the plan, or where the creditor was to receive a distribution under the plan.  With respect to the latter two instances, this Court concluded that the release was inappropriate.  This Court held that such release may only be obtained consensually with the affirmative agreement of the affected creditor.  *Id.   See also In re Washington Mutual, Inc.*, 442 B.R. 314, 355 (Bankr. D. Del. 2011).

---

[1] "Releasing Parties" is defined at Section I. A. 119 of the Plan as "collectively and individually, (a) all holders of Claims and Interests; *or (b) solely if the Bankruptcy Court finds that the Third Party Release may only be approved with the consent of the applicable holder of a Claim or Interest, all holders of Claims or Interests who, with respect to such Claims or Interests, (i) vote to accept the Plan, (ii) vote to reject the Plan but who do not elect to opt out of the Third Party Release, (iii) receive a ballot providing them with the potential right to opt out of the Third Party Release but abstain from voting on the Plan and do not opt out of the Third Party Release, or (iv) are not entitled to vote on the Plan but receive a notice advising them of their potential right to elect to opt out of the Third Party Release and do not elect to opt out of the Third Party Release*. (Emphasis added).

14.     Section X.C. of the Plan, which provides for the payment of statutory fees, should be revised to clearly provide for the joint liability of the Post-Confirmation Debtors and the Creditors' Fund Trust for statutory fees until entry of an order closing or converting the cases, notwithstanding that the parties appear to seek to limit who must pay such fees after the completion of Post-Confirmation Debtor Functions.

        WHEREFORE, the U.S. Trustee requests that this Court issue an order denying approval of the Disclosure Statement as written and/or granting such other relief as this Court deems appropriate, fair and just.

                                    Respectfully submitted,

                                    **ANDREW R. VARA**
                                    **ACTING UNITED STATES TRUSTEE**

                                    **By:**   _/s/ Jane M. Leamy_
                                          Jane M. Leamy (#4113)
                                          Trial Attorney
                                          J. Caleb Boggs Federal Building
                                          844 King Street, Suite 2207, Lockbox 35
                                          Wilmington, DE 19801
                                          (302) 573-6491
Dated: July 10, 2018                      (302) 573-6497 (Fax)