## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| APP WINDDOWN, LLC, *et al.*,[1] | ) Case No. 16-12551 (BLS) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |
|  | ) **Re: Doc Nos. 1747, 1762** |
|  | ) |
|  | ) **Objection Deadline: July 11, 2018 at 4:00 p.m.** |
|  | ) **(extended by agreement)** |
|  | ) **Hearing Date: July 17, 2018 at 10:00 a.m.** |

### LITIGATION TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT FOR THE JOINT PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND DEBTORS IN POSSESSION

The litigation trustee (the "Litigation Trustee") appointed in the Debtors' first jointly administered chapter 11 cases pending before the Court at Case No. 15-12055, by and through his undersigned counsel, respectfully submits this objection (the "Objection") in connection with the Debtors' *Disclosure Statement for the Joint Plan of Liquidation Proposed by the Debtors and Debtors in Possession* [D.I. 1747] (the "Disclosure Statement" and such plan, the "Plan" [D.I. 1746]).[2] In support of this Objection, the Litigation Trustee respectfully submits as follows:

### PRELIMINARY STATEMENT

1.      The Disclosure Statement fails to provide certain "adequate information" as required by section 1125 of the Bankruptcy Code. Specifically, the Disclosure Statement fails to

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): APP Winddown, LLC (f/k/a American Apparel, LLC) (0601); APP USA Winddown, LLC (f/k/a American Apparel (USA), LLC) (8940); APP Retail Winddown, Inc. (f/k/a American Apparel Retail, Inc.) (7829); APP D&F Winddown, Inc. (f/k/a American Apparel Dyeing & Finishing, Inc.) (0324); APP Knitting Winddown LLC (f/k/a KCL Knitting, LLC) (9518); and APP Shipping Winddown, Inc. (f/k/a Fresh Air Freight, Inc.) (3870). The address of each of the Debtors is 107 Millcreek Corners, Suite B, P O Box 5129, Brandon, MS 39047.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

provide adequate information with respect to arbitration proceedings between the Debtors and Dov Charney (the "Charney Arbitration"). The proposed plan provides that the Litigation Trustee will assume responsibility for the Charney Arbitration but no information is disclosed about the proceeding. It is critical that this information about the Charney Arbitration be disclosed so that the Litigation Trustee can make a fully informed decision with regard to his position on the proposed plan as it relates to the Charney Arbitration.

2.      For the foregoing reason and those set forth below, approval of the Disclosure Statement should be denied unless adequate information regarding the Charney Arbitration is provided to the Litigation Trustee.

**OBJECTION**

3.      The Disclosure Statement fails to provide "adequate information" as required by section 1125 of the Bankruptcy Code and should not be approved in its current form. A disclosure statement may be approved as adequate only if it contains "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a); *see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 322 (3d Cir. 2003) ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court.") (internal quotations omitted); *Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988). Furthermore, in determining whether a disclosure statement provides adequate information, section 1125 of the Bankruptcy Code requires that the Court consider "the benefit of additional information to creditors and other parties in interest." 11 U.S.C. § 1125(a). Courts have ample

discretion to determine what constitutes adequate information. *In re Lower Bucks Hosp.*, 571 F. App'x 139, 142 (3d Cir. 2014) (citing *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988)). It is impossible to "overemphasize the debtor's obligation to provide sufficient data to satisfy the [Bankruptcy] Code standard of 'adequate information.'" *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988). Indeed, the "preparing and filing of a disclosure statement is a critical step in the reorganization of a Chapter 11 debtor," *id*., and, as such, must clearly and succinctly inform the average creditor ***what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution***. *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (emphasis added).

4. As detailed below, while the Disclosure Statement charges the Litigation Trustee with taking over certain contested litigation matters on behalf of the Post-Confirmation Debtors, the Disclosure Statement fails to provide adequate information related to the Charney Arbitration.

5. Section III of the Disclosure Statement outlines the means in which the Plan will be implemented by the Debtors. Section III.H(a) states, in pertinent part, as follows:

> On the Effective Date…..the Litigation Trustee shall be deemed to be substituted as the party in the pending arbitration with Dov Charney, and any other such litigation in which any of the Debtors are a defendant and not a counter-claimant or third-party plaintiff that may give rise to a claim against the Litigation Trustee in Prior Cases.

6. The Disclosure Statement fails to provide adequate information regarding the Charney Arbitration. In fact, no information is provided about the proceeding. In order for the Litigation Trustee to determine whether the Plan is confirmable as it relates to the disposition of the Charney Arbitration, sufficient information is needed for the Litigation Trustee to evaluate his interests in the proceeding. To date, the Debtors have not provided any information on the

Charney Arbitration to the Litigation Trustee. As such, the Debtors should be required to revise the Disclosure Statement to provide adequate information regarding the Charney Arbitration.

## RESERVATION OF RIGHTS

7.      The Litigation Trustee continues to evaluate the Disclosure Statement, Plan and related documents. In addition, the Litigation Trustee notes that the Plan Supplement documents have not yet been filed with the Court. As such, this Objection is submitted without prejudice to, and with a full reservation of, the Litigation Trustee's rights to supplement this Objection in advance of, or in connection with, the hearing to approve the Disclosure Statement. Nothing herein shall be deemed to waive the Litigation Trustee's right to assert any arguments in connection with confirmation of the Plan, including the right to seek discovery in connection therewith.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in this Objection, the Litigation Trustee respectfully requests that the Court deny approval of the Disclosure Statement unless the Plan and Disclosure Statement are modified as set forth in the Objection or until the Debtors respond to the Litigation Trustee's Requests for the Production of Documents.

Dated: July 11, 2018

**KLEHR HARRISON HARVEY BRANZBURG LLP**

 _/s/ Richard M. Beck_____
Richard M. Beck (DE Bar No. 3370)
Sally E. Veghte (DE Bar No. 4762)
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
Email: rbeck@klehr.com
        sveghte@klehr.com
*Counsel for the Litigation Trustee*

PHIL1 7108577v.1