## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **APP WINDDOWN, LLC, *et al.*,**[1] | ) | **Case No. 16-12551 (BLS)** |
| | ) | |
| Debtors. | ) | Hearing Date: May 15, 2019 10:30 a.m. EDT |
| | ) | Related Docket Nos.: 2153, 2167 and 2168 |

### REPLY TO OBJECTIONS TO MOTION TO (I) CLARIFY PLAN PROVISION REGARDING RETENTION OF DOCUMENTS DURING ONGOING LITIGATION AND (II) PRESERVE DOCUMENTS

Dov Charney and Adrian Kowalewski ("Movants"), by and through their undersigned counsel, hereby submit this reply (the "Reply") to (A) *APP's Response to Motion to (I) Clarify Plan Provision Regarding Retention of Documents and (II) Preserve Documents* (the "Debtors' Response") [D.I. 2167] and (B) *Response of Litigation Trustee to Motion to (I) Clarify Plan Provision Regarding Retention of Documents and (II) Preserve Documents* (the "LT Response") [D.I. 2168]. Movants also concurrently submit the *Declaration of Karen Rinehart* (the "Rinehart II Decl.") in support of the Reply.

The *Motion to (I) Clarify Plan Provision Regarding Retention of Documents and (II) Preserve Documents* [D.I. 2153] (the "Motion")[2] seeks the entry of an order (a) clarifying the provisions of the *Third Amended Joint Plan of Liquidation of the Debtors and Debtors in Possession* (the "Plan") [D.I. 1986] in the above-captioned chapter 11 cases with respect to the

---

[1] The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses: APP Winddown, LLC (f/k/a American Apparel, LLC) (0601); APP USA Winddown, LLC (f/k/a American Apparel (USA), LLC) (8940); APP Retail Winddown, LLC (f/k/a American Apparel Retail, Inc.) (7829); APP D&F Winddown, LLC (f/k/a American Apparel Dyeing and Finishing, Inc.) (0324); APP Knitting Winddown LLC (f/k/a KCL Knitting, LLC) (9518); and APP Shipping Winddown, Inc. (f/k/a Fresh Air Freight, Inc.) (3870) (collectively, the "Debtors"). The address of each of the Debtors is 107 Millcreek Corners, Suite B, P.O. Box 5129, Brandon, MS 39047.

[2] Terms used but not defined herein shall have the meaning ascribed to such terms in the Motion or, if not defined therein, in the Plan.

preservation of documents and data (collectively, the "Materials") related to shareholder derivative[3] litigation asserted against Movants by the Litigation Trustee (as defined in the Plan) and (b) directing the Debtors and the Litigation Trustee to preserve the Materials during the pendency of the litigation.

## PRELIMINARY STATEMENT

The Motion seeks to preserve access to critical—and imperiled— litigation Materials that Movants need for their defense against claims asserted by the Litigation Trustee in the State Court Litigation. The Materials are in the possession of the Debtors or the Litigation Trustee, or both, yet the Litigation Trustee and the Debtors each disavow responsibility for preserving the Materials. Instead, each redirects Movants' preservation requests to the other. Further, Movants are prohibited from taking any direct action to preserve the Materials because an order of the State Court has stayed discovery. Regardless of who controls the Materials, Movants are entitled to have them preserved during the pendency of the State Court Litigation.

The Debtors have previously taken the position that the Materials may be destroyed at any time and without any notice to Movants.[4] Far from "setting up a spoliation defense", as the Litigation Trustee falsely asserts, Movants bring the instant action to *preserve* relevant materials so that they can defend the State Court Litigation on the merits. Had Movants desired to bolster a spoliation defense, they would have simply put the Litigation Trustee on notice of their need for the materials and hoped that the Materials would be destroyed. Movants have done the opposite—they seek the preservation of the Materials so that they can affirmatively disprove substantive allegations in the State Court Litigation.

---

[3] The litigation is now a direct action, following the Debtors' chapter 11 cases

[4] The Debtors have now offered to destroy records only on noticed motion (Debtors' Response, ¶ 4). While helpful, this late concession in response to the Motion does not resolve a number of issues raised in the Motion as discussed more fully below.

Movants are defendants in the State Court Litigation, which was commenced in March 2011 and has been stayed by court order since April 2011.  When permitted to do so, Movants will serve discovery requests for the Materials identified in the Motion (¶ 8).  The Debtors have confirmed their Plan and are poised to complete their winddown within the next seven months.[5] The Litigation Trustee and/or the Debtors possess the Materials, and each re-directs Movants' preservation requests to the other.  Regardless of which entity or entities control the Materials, Movants are entitled to have the data and documents preserved during the pendency of the State Court Litigation so that they may be made available to Movants for their defense of claims asserted against them by the Litigation Trust and the Debtors' estates.

The Debtors have asserted that the Plan permits them to destroy data and documents despite the knowledge that these may be required for litigation.[6]  Debtors' Response, ¶ 10.  They have also stated that "this matter is properly between the Litigation Trustee and the Movants in the State Court Litigation and [the Debtors have] no desire to be dragged into their litigation." Debtors' Response, ¶ 8.  On the other hand, the Litigation Trustee has asserted that it has no control over the Materials because they are in the Debtors' possession.  *See, e.g.*, LT Response, ¶¶ 11, 12.  These positions exemplify the need for a Bankruptcy Court order clarifying the parties' respective rights and responsibilities to preserve the Materials.

The Litigation Trustee further states that it bargained for the Debtors to secure the Materials until February 5, 2022, and asserts that the Plan reflects this position.  LT Response, ¶14.  Nonetheless, the Debtors plan to dispose of the Materials by the end of 2019 and they assert that the Plan permits them to do so.  Debtors' Response, ¶¶ 4, 8.  All parties need clarity with

---

[5] The Debtors "will soon seek to destroy the Records" (Debtors' Response, ¶ 11) and anticipate "closing these cases by the end of the year" (Debtors' Response, ¶¶ 1, 8).

[6] Movants note that, while the Litigation Trustee represents that no relevant documents have been destroyed (LT Response, ¶ 7), the Debtors have made no such representation.

respect to the Plan and Confirmation Order.

Neither the Debtors nor the Litigation Trustee provide any substantive reason why the requested relief should not be granted. The Debtors anticipate closing the Current Cases by the end of this year, and shedding the estates of all documents when the winddown is complete. Debtors' Response, ¶¶ 1, 8. The Debtors have now concurred with Movants' request in the Motion that any destruction of documents be on noticed motion and have proposed that the Materials be transferred to the Litigation Trustee. Debtors' Response, ¶ 4. Movants are willing to have the Litigation Trustee assume (to the extent, if at all, that it does not already have) possession, custody, and control of the Materials, as well as sole responsibility for responding to Movants' discovery requests. However, the Litigation Trustee has not indicated any willingness to cooperate in that regard. Quite the opposite is true.

Movants cannot presently propound discovery or otherwise take action to obtain the Materials because, eight years ago, American Apparel, Inc. sought and obtained a stay order (the "Stay Order") (Rinehart II Decl., Ex. 1) that remains in effect today. The State Court expressly affirmed as recently as December 11, 2018, (during a hearing in which the Litigation Trustee participated) that the Stay Order is still in place. Rinehart Decl., Ex. F (Tr. 3:9-10). Fundamental fairness, as well as regulations governing litigants and their counsel, require that the Materials be preserved so that all parties to the State Court Litigation be afforded an equal and thorough opportunity to conduct discovery. The Litigation Trustee's stilted interpretation of the Plan cannot overcome this.

The Litigation Trustee erroneously asserts that the Motion seeks an advisory opinion (while ignoring that that the potential for destruction is immediate) without acknowledging that the State Court specifically requested that Movants bring the Motion. The Litigation Trustee's

counsel were present in the courtroom and telephonically participating when the State Court directed the parties to bring this Motion.  Rinehart Decl., Ex. F.  Neither counsel objected to this directive.  *Id.*

For the reasons set forth herein and in the Motion, Movants' need for the relief requested in the Motion is immediate and essential.

## **REPLY**

## I. **MOVANTS' REQUESTED RELIEF MEETS THE OBJECTIVES OF ALL PARTIES IN INTEREST**

Movants brought the Motion to ensure that <u>some</u> entity, whether the Debtors or the Litigation Trustee, preserve the Materials so that Movants can defend themselves in the State Court Litigation (prosecuted by the Litigation Trustee) when the Stay Order is lifted.  In their objections to the Motion, the Litigation Trustee and the Debtors both continue to disavow responsibility for preserving and maintaining the Materials, each placing the onus on the other. The Litigation Trustee advises that it has "no power or authority over the Debtors or their property, other than the causes of action and rights specifically assigned to it by the governing documents" (LT Response, ¶ 12).  The Litigation Trustee also asserts that it has "no connection to the Debtors" (*id.*, ¶11), and states that it has no responsibility for the Materials (*id.*). Conversely, the Debtors advise that "the burden of retaining such Records should fall on the Litigation Trustee" (Debtors' Response, ¶ 12) and postulate that "the Plan imposes no [records preservation] requirement" (*id.*, ¶11).

The Debtors specifically "welcome[] the opportunity to receive the [Bankruptcy] Court's guidance related to the issues raised by the Motion."  Debtors' Response, ¶ 4.  They now also agree, as Movants have requested, that any destruction of documents will be on noticed motion. *Id*.  This is consistent with the proposed Order.  The Litigation Trustee acknowledges that the

- 5 -

Plan requires the Materials to be preserved during the State Court Litigation and that it gives the Litigation Trustee the "right to access those documents upon request." LT Response, ¶ 14. Movants, as defendants in the State Court Litigation, are also entitled to access relevant Materials. The proposed Order ensures that this right will be preserved.

While Movants have engaged in discussions with the Debtors and the Litigation Trustee since filing the Motion, all parties to these discussions agreed at the outset that these were settlement communications privileged under Federal Rule of Evidence 408 and state law equivalents. Movants will therefore not comment on other parties' characterizations of these discussions. While Movants remain interested in pursuing a consensual resolution of the issues when specific information is available and the parties are proceeding with client consent, Movants respectfully submit that entry of the proposed Order provides a reasonable and unambiguous means to ensure that critical data and documents are preserved.

## II.    MOVANTS SEEK NEITHER AN ADVISORY OPINION NOR A SPOLIATION DEFENSE, BUT AN ORDER PRESERVING DATA AND DOCUMENTS SO THAT THEY CAN DEFEND THEMSELVES ON THE MERITS

### A.    The Documents Must Be Preserved to <u>Avoid</u> a Spoliation Result.

Far from "setting up a spoliation defense"[7] as the Litigation Trustee asserts (LT Response, ¶¶ 1, 2, 7), Movants are seeking the opposite: to ensure that relevant documents and data are <u>preserved</u> so that, when the State Court lifts the discovery stay that American Apparel, Inc. sought and obtained, Movants may litigate the claims on the merits. Movants have strong

---

[7] The Litigation Trustee takes this partial quote out of context, ignoring that Movants' counsel at the same hearing requested that the State Court direct the <u>preservation</u> of evidence. *See* Motion, Ex. F (Tr. 6:14-8:27). Before the State Court raised spoliation, Movants first expressed their "concern[] about the preservation of evidence" (*id.*, 3:18-19), adding that "[p]erhaps [the Litigation Trustee's] counsel on the phone can tell us what's being done to preserve evidence." (*Id.*, 3:27-28). Only then did the State Court speculate, as the full quote reflects, about a possible defense: *If* you are setting up some spoliation defense if your demurrer is unsuccessful, let me not get in the way." *See* Motion, Ex. F (Tr. 7:7-8) (emphasis added). Contrary to the Litigation Trustee's assertion (LT Response, ¶ 2), Movants brought the Motion before the demurrer hearing even occurred.

#53434025 v1

defenses to the Litigation Trustee's allegations in the Second Amended Complaint.[8]  Movants

are legally entitled to a level playing field and brought the Motion to safeguard this right.

Without the requested Order, the only documents that will be preserved are those that have been

cherry-picked by the Litigation Trustee, the plaintiff in the State Court Litigation.

       **B.**       **Adjudicating a Direct and Current Controversy Is Not an Advisory Opinion.**

The Litigation Trustee's rhetoric that Movants are seeking an "advisory opinion" from

this Court is disingenuous.  *See* LT Response, ¶ 10 (opining that "[a]dvisory opinions for use in

other litigation should not be addressed by this Court").  At a hearing on December 11, 2018 (the

"December 11 Hearing"), the State Court expressly instructed Movants to obtain an Order of the

Bankruptcy Court to resolve the parties' live controversy over document preservation.  *See*

Rinehart Decl., Ex. F; *see also* Rinehart II Decl., Ex. 2 (Tr. 26:19-29:2).  In response to

Movants' repeated exhortations to the State Court to direct the preservation of evidence—the

State Court advised that, "if there is an issue and if there is something that is going to be needed

for the defense of this action that is in the possession or under the auspices of the Bankruptcy

Court that needs to be preserved, <u>that needs to be brought up to the attention of the Bankruptcy</u>

<u>Court and whatever court orders need to be issued need to be issued forthwith</u>."  Rinehart Decl.,

Ex. F (Tr. 10:15-22) (emphasis added).  The State Court reiterated: "You take it up formally with

the Bankruptcy Court … because, unless and until that is done, my [preservation] order is of no

moment and effect[.]"  Id. at 8:3-12.  The State Court even suggested that the Litigation Trustee

stipulate to the preservation that Movants requested.  *Id.* at 8:19-23 ("[If] you're concerned that

evidence in this case might be subject to a destruction order, I would encourage you to go in [to

the Bankruptcy Court] as quickly as possible, probably arguably with the stipulation of the

---

[8] Related allegations contained in three other cases have been dismissed with prejudice at the Ninth Circuit level.  *See* Motion, ¶ 3.

Litigation Trustee in order to preserve those records.").  Yet the Litigation Trustee refused to join Movants' request that evidence be preserved, leaving Movants no choice but to follow the State Court's explicit instructions and seek relief in this Court.

The Debtors plan to close the Current Cases by the end of this year, and dispose of all remaining data and documents when they do so.  Debtors' Response, ¶¶ 1, 4, 8.  The Debtors' winddown agent advised in January 2019 that certain company documents and data are scheduled for imminent destruction, including documents and data that may be relevant to the State Court Litigation.  Rinehart Decl., Ex. H.  This compels the relief requested in the Motion.

The Plan permits the destruction of data and documents that are no longer needed. Plan, Section III.K.5.  It is not reasonable for the Debtors to assert that materials related to still-pending litigation that was expressly identified in Plan documents are "not 'required' to effectuate the terms and conditions of the Plan in these cases."  Debtors' Response, ¶ 10.  Moreover, it was not necessary for Movants to contest the Plan in order that parties in interest fulfill their legal requirements to preserve evidence.  The Plan does not purport to relieve (nor could it) the Debtors' estates or the Litigation Trustee, as their representative, of the obligation to retain documents relevant to litigation of the estates' claims, whether those claims are asserted by the Debtors or by the Litigation Trustee.  Both the Debtors and the Litigation Trustee have denied any responsibility to preserve evidence, necessitating a specific preservation order directed at <u>all</u> parties to the Bankruptcy Cases.

## III.    SPECIFIC MATERIALS TO BE PRESERVED.

The Litigation Trustee inconsistently asserts both that it has already collected the Materials that are relevant to the State Court Litigation (Motion, Ex. I) *and* that, prior to April 10, 2019, it did not know which data and documents Movants had requested be preserved.  (LT Response, ¶ 1.)   First, as the party asserting myriad unsupported causes of action against

- 8 -

Movants, the Litigation Trustee must be familiar with the subject matter, parties, custodians, and time periods for which relevant Materials will be needed.  Contrary to the Litigation Trustee's assertion that it first learned in the Motion of the documents and data that Movants want to preserve (LT Response, ¶ 1), counsel for Movants and the Litigation Trustee had discussed those Materials in a telephone call following the December 11 Hearing.  Movants also supplied the Litigation Trustee with a detailed list of categories of data and documents on February 22, 2019.  *See* Motion, Ex. J.  This list is included in both the Motion (¶ 8) and as decretal paragraph 3 in the proposed Order (Motion, Ex. 1).

While Movants cannot propound discovery or take other action with respect to the documents and data until the litigation stay is lifted, Movants have no objection to the Litigation Trustee taking full possession, custody, and control of these Materials, provided that the Litigation Trustee agrees to preserve them in their original form (including metadata) and produce them pursuant to Movants' discovery requests.  The Plan specifically provides that a "transferee of documents and records of the Debtors shall (x) be deemed to be a custodian of such information (within the meaning of the Federal Rules of Civil Procedure) on behalf of the Post-Confirmation Debtors…".  Plan, Section III.K.4.  When the Stay Order is lifted, Movants plan to seek discovery from any entity that possesses the Materials.

## IV.    A STATE COURT LITIGATION HOLD (IN PLACE SINCE 2011) PRECLUDES MOVANTS FROM CONDUCTING DISCOVERY

Movants have been actively seeking to preserve documents and data, and the Litigation Trustee's attempts to assert otherwise are unfounded.  The Litigation Trustee fails to inform this Court that Movants <u>cannot</u> yet propound discovery or otherwise take action to obtain the Materials because American Apparel, Inc. sought and obtained a stay order (Rinehart II Decl., Ex. 1) in the State Court Litigation that remains in effect today.  While the Litigation Trustee

disingenuously asserts that "nothing prevents [Movants] from [reviewing and copying the Materials]" (LT Response, ¶ 9), the Stay Order prohibits Movants from taking this action, and the Litigation Trustee knows it.[9]  The Debtors also have made no such offer.  The Plan provides for the sharing of data and documents between the Debtors and the Litigation Trustee (*see* Plan, Section III.K.), yet Movants are presently prohibited from obtaining or preserving the Materials directly.  Movants, with the State Court's urging (see Rinehart Decl., Ex. F; section II.B. *infra*), therefore seek to preserve the Materials by the relief requested in the Motion.

## V.    WHILE MOVANTS HAVE TIMELY ACTED, THE LITIGATION TRUSTEE HAS NOT

Despite the limits imposed by the Stay Order, Movants have been actively seeking to preserve documents and data.  On January 18, 2017, Movants' counsel sent a letter to both the Debtors and the Litigation Trustee advising that documents, data, and other discoverable evidence be preserved until the final resolution of the State Court Litigation.  *See* LT Response, Ex. 1.  Neither the Debtors nor the Litigation Trustee objected to or sought clarification of the preservation letter in two-plus years since receiving this notice.

The Litigation Trustee's fanciful recasting (LT Response, ¶¶ 5-8) of the events surrounding the December 11, 2018 State Court hearing is directly contradicted by the materials in evidence.[10]  Movants requested that the State Court order the Litigation Trustee to preserve the Materials.  *See* Rinehart Decl., Ex. F. (Tr. 3:18-28, 6:14-7:27).  The Litigation Trustee's counsel was present at the December 11 Hearing and did not object. *See* Rinehart Decl., Ex. F.  Neither

---

[9] *See, e.g.*, Rinehart Dec., Ex F ("The Court:  Why don't I keep the discovery stay in place…".  Tr. 3:9-10). Two of the Litigation Trustee's counsel participated in the hearing.  *Id.*, Tr. 1:17-21.

[10] As demonstrated in the email exchange between Movants' counsel and the Debtors' winddown agent (Rinehart Decl., Ex. G), Movants  contacted the winddown agent within a day of the December 11 Hearing to seek the Debtors' preservation of documents and data, and then followed up on December 13 and 19, 2018 and January 1, 2019 before finally receiving a response on January 4, 2019.  Notably, despite the gravity of Movants' request, the Debtors were unavailable to participate in a substantive discussion until nearly a week thereafter, on January 10, 2019. *Id*.

did the Litigation Trustee's counsel object to the State Court's directive that Movants obtain a Bankruptcy Court order. *Id*. Movants acted on the very day that they learned that, notwithstanding the litigation hold letter and state law requiring litigants to preserve evidence, critical data and documents could be destroyed. Rinehart Decl., Exs. F, G. In fact, in direct response to Movant's request for a preservation order, the State Court directed the Litigation Trustee to provide Movants with a status of the Materials. Rinehart Decl., Ex. F. ("The Court: Litigation Trustee, will you please call [Movants' counsel] today to discuss what it is that he's reasonably concerned about with regards to the liquidation order and whether or not something can be done to ensure the preservation." Tr. 9:23-27). Movants also began making multiple overtures to the winddown agent within a day of the December 11 Hearing. See Rinehart Decl., Ex. G. That the winddown agent took a month to respond (after at least four requests from Movants and with no positive involvement by the Litigation Trustee) before providing any substantive information does not diminish Movants' diligent and consistent efforts to ensure that the Materials are preserved.

The Litigation Trustee has shown no such urgency. The State Court Litigation, which the Litigation Trustee assumed and is bound by, has languished for years. The initial complaint was filed on or about March 18, 2011. Rinehart Decl., Ex. A. The Stay Order was entered less than a month later, on April 12, 2011 (Rinehart II Decl., Ex. 1), while three similar federal derivative actions consolidated in 2010[11] were litigated. *See* Motion, ¶ 3. Two of the actions were dismissed at the pleadings stage, before the opportunity to conduct discovery, and this dismissal was upheld by the Ninth Circuit. *Id*. The third action was settled (without discovery) after the District Court dismissed many of the claims. *Id*.

---

[11] The consolidated actions were adjudicated as *In re American Apparel, Inc*. Civ. 10-06576, United States District Court, Central District of California.

#53434025 v1

Despite being appointed to represent the Debtors' estates in the Prior Cases, and with the State Court Litigation expressly among the causes of action that it received under the Plan when the Plan became effective on February 5, 2016, the Litigation Trustee took no action on the State Court Litigation case for two years.   In January 2018, the State Court directed the Litigation Trustee to appear on April 6, 2018 to show cause why the State Court Litigation should not be dismissed for failure to prosecute.   A true and correct copy of the Notice of Order to Show Cause, filed on January 22, 2018, is attached to the Rinehart II Declaration as Exhibit 3.   Only then was the Litigation Trustee jolted from inaction.   On or about May 7, 2018, the Litigation Trustee finally filed the Second Amended Complaint in response to the State Court's threat to dismiss for failure to prosecute.

Discovery is still stayed in this action (Rinehart II Decl., Ex. 1), and the next State Court hearing is a status conference set for August 1, 2019 (Rinehart II Decl., Ex. 2).

## VI.    MOVANTS HAVE SOUGHT TO WORK WITH BOTH THE DEBTORS AND LITIGATION TRUSTEE TO PRESERVE THE MATERIALS

Movants have sought to work with both the Debtors and the Litigation Trustee to preserve the Materials.[12]  *See, e.g.*, Motion, pp. 3-4; Rinehart Decl., Exs. G, H, J, L.   As discussed extensively in the Motion, the Debtors and the Litigation Trustee have each disavowed responsibility and directed Movants to the other party.   To be clear, Movants seek the

---

[12] The Litigation Trustee questions Movants' contact with Jones Day, counsel to the Debtors. *See* LT Response, n. 4.  As described in the Rinehart II Decl., Movants' counsel contacted Michael J. Cohen, a partner in the New York office of Jones Day.  Rinehart II Decl., ¶2.  Mr. Cohen is listed as counsel to the Debtors in, among other documents, the Plan and the Debtors' Response to this Motion.  See D.I. 1986, 2167.  Movants' counsel advised Mr. Cohen that she represented Movants in the above-captioned chapter 11 cases and told him that she wanted to discuss preservation of documents related to pending state court litigation in which Movants are defendants.  Mr. Cohen transferred Movants' counsel to Will Schumacher in Jones Day's Los Angeles office, whom he advised would handle the matter.  Mr. Schumacher was not in his office at the time.  Movants' counsel left voice mail and, later that day, spoke with him directly.  Mr. Schumacher advised Movants' counsel that he would consult with others on the matter, including the windown agent, and would respond in writing regarding the document preservation request.  Rinehart II Decl., ¶2.  Mr. Schumacher's response, as well as Movants' reply thereto, is provided as Exhibit L to the Rinehart Declaration in support of the Motion, filed April 11, 2019 [D.I. 2155].

#53434025 v1

preservation of documents by <u>whomever</u> they are held.

The Litigation Trustee continues to take the position that it has no control over (and will not assist Movants in their request to preserve) the Materials because all data and documents belong to the Debtors.  LT Response, ¶¶ 11-12.  Conversely, the Debtors believe that their involvement is "unwarranted" because the causes of action belong to the Litigation Trustee and it is the "obligation of the Litigation Trustee to obtain the requested documents and respond to the discovery request(s)." Debtors' Response, ¶ 3.  Movants have exhausted all avenues for consensual resolution, including seeking to negotiate a stipulated protection order and engaging in privileged settlement discussions since filing the Motion.  These efforts have been unavailing.

### A.    The Litigation Trustee.

The Litigation Trustee mischaracterizes the Motion as being grounded in a mistaken belief that the Litigation Trustee and the Debtors are the same entity.  LT Response, ¶¶ 11-13. This is incorrect.  Movants seek the preservation of documents and data by <u>any</u> party in whose possession, custody, and/or control the materials reside. While Movants agree that the Litigation Trustee and the Debtors are different legal entities (*see* Prior Plan, Section III.H.1), this is irrelevant to the relief requested.

The Plan establishes an interrelationship between the Debtors and the Litigation Trustee on litigation and related materials.  *See* Motion, ¶¶ 14-20.  As to the State Court Litigation, the Prior Plan provided that the "<u>Litigation Trust and the Litigation Trustee will each be a 'representative' of the Estates</u> under section 1123(b)(3)(B) of the Bankruptcy Code[13] and the

---

[13] 11 U.S.C. §1123(b)(3)(B) reads in full as follows: "Subject to subsection (a) of this section, a plan may provide for the retention and enforcement by the debtor, or by the trustee, or by a representative of the estate appointed for such purpose [to settle or adjust any claim or interest belonging to the debtor or the estate], of any such claim or interest." *Id*.

#53434025 v1

Litigation Trustee will be the trustee of the Litigation Trust Assets[14]…and, as such, <u>the Litigation Trustee succeeds to all of the rights, powers and obligations of a trustee in bankruptcy</u> with respect to <u>collecting, maintaining</u>, administering and liquidating the Litigation Trust Assets." Prior Plan, Section III.H.1.e. (emphasis added).  The Litigation Trustee, pursuant to the Prior Plan (which is continued in the Plan), is "solely with respect to the Litigation Trust Assets, <u>the representative of the Estate of each of the Debtors</u> appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code."  Prior Plan, Section III.G.2. (emphasis added).[15]

Given the duties assigned to the Litigation Trustee under the Plan, it is implausible for the Litigation Trustee to argue that the Trust Agreement absolves it of any responsibility for the Materials.  LT Response, ¶ 12.  The Litigation Trustee also asserts that it "is not a representative of any Debtor."  *Id*.  This belief is not consistent with the express provisions of the Plan.  *See* Motion, Section III.C.  Movants note that Section X.J. of the Plan provides that "[f]or the avoidance of doubt, except as set forth in Section III.C., nothing contained in this Plan shall

---

[14] The Litigation Trust Assets are "(a) the Specified Causes of Action and (b) the Litigation Trust Funds."  Prior Plan, Section A.1.77.  As discussed in the Motion, the Specified Causes of Action include all causes of action arising before October 5, 2015 against Movant Dov Charney.

[15] While the Debtors assert that the Plan in the Current Cases "does not provide the Litigation Trustee authority, as representative of the estate, to pursue the State Court Litigation (or any other litigation) *against* any party - it merely recognizes the right of the Litigation Trustee to do so in accordance with the Plan in the Prior Cases (Debtors' Response, ¶10 (emphasis in original)), this curious construction is not supported by the facts.  The rights and obligations of the Debtors and the Litigation Trustee under the Plan in the Current Cases continue in effect from the Prior Cases.  *See* Motion, Section III.B-G; *see also* Plan [D.I. 1986].  Recognizing the "right" of the Litigation Trustee to pursue litigation—but not against a defendant—is not consistent with the conduct of litigation generally and does not acknowledge the current Plan provisions with respect to the State Court Litigation.  *See, e.g.*, Motion, Section III.B-G; Plan, Section 1.A.91 (" 'Litigation Trustee' means the litigation trustee appointed in the Prior Cases"); Section 1.A.91 (" 'LTCA' means the causes of action set forth on Exhibit 1.92 [*see* Rinehart Decl., Ex. E], which are the 'Specified Causes of Action' as defined in the chapter 11 plan in the Prior Cases transferred to the Litigation Trust in the Prior Cases").  Further, the Litigation Trust Agreement specifically contemplates "the appointment of the Litigation Trustee to pursue the Specified Causes of Action and distribute the proceeds from any judgments, settlements, or recoveries therefrom (the 'Litigation Trust Proceeds')".  Rinehart Decl., Ex. B, p.1.  Inherent in the presumption that there will be distribution of proceeds related to litigation is that there will be a counterparty.  The Litigation Trustee Causes of Action (as defined in the Plan, the  "LTCA") are set forth in the Plan Supplement, filed November 9, 2018, designated Plan Exhibit 1.92.  *See* Rinehart Decl., Ex. E (Plan Supplement) [D.I. 1950-1] pp. 14-16.  The State Court Litigation is specifically included among the LTCA.  Id. at pp. 14-15.  The Plan Supplement also includes as "LTCA" other potential causes of action arising before October 5, 2015 against, *inter alia*, Movant Dov Charney but not against Movant Adrian Kowalewski.  The Plan clearly authorizes the Litigation Trustee to act as the Debtors' representative in the State Court Litigation.

affect or be deemed to affect the LTCA,  or any other assets under the Litigation Trust in the Prior Cases, including, without limitation, any rights of the Litigation Trustee in connection with Case No. BC443763 pending in the Superior Court of the State of California for the County of Los Angeles…Nothing in the Plan shall affect the rights under the rights of the Litigation Trustee under the Trust Agreement in the Prior Cases to pursue the LTCA." Thus, the State Court Litigation is among the actions for which the Litigation Trustee bears responsibility as a representative of the Debtors' estates.  To the extent that the Litigation Trustee belief is driven by a tension between provisions of the Plan and the Trust Agreement (notwithstanding Plan Section X.J.), the parties require clarification by the Bankruptcy Court.

### B.    The Debtors.

The Debtors erroneously assert that they "need only have the *belief* that the Records are not required to effectuate the terms and conditions of the Plan…" (Debtors' Response, ¶ 10 (emphasis in original)).  Incredibly, the Debtors state that they need not preserve records for the State Court Litigation because the "Plan does not require any finding that [the Debtors] are correct in [their] belief - and the key stakeholders (the Litigation Trustee, Creditors' Fund Trustee, and the lenders) are not prejudiced if [the Debtors'] belief is incorrect." *Id,* n. 4.

There is an obligation of reasonableness and good faith inherent in a debtor's "belief" and the Debtors cannot credibly demonstrate how willfully destroying records material to the pending State Court Litigation comports with this requirement.[16]  Further, the Litigation Trustee,

---

[16] Courts universally recognize that "an implied duty of good faith and fair dealing is interwoven into every contract," *Anderson v. Wachovia Mortg. Corp.*, 497 F. Supp. 2d 572, 581 (D. Del. 2007), and the "interpretation of a confirmed chapter 11 plan is governed by the rules for interpretation of contracts." *In re Irwin*, 558 B.R. 743, 746 (Bankr. E.D. Pa. 2016) (citing *In re Shenango Group, Inc.*, 501 F.3d 338, 344 (3d Cir.2007)).  The duty "is best understood as a way of implying terms in the agreement, whether employed to analyze unanticipated developments or to fill gaps in the contract's provisions." *In re Conex Holdings, LLC*, 518 B.R. 792, 804 (Bankr. D. Del. 2014). And while a "complete catalogue of types of bad faith is impossible … the following types are among those which have been recognized in judicial decisions: evasion of the spirit of the bargain, *lack of diligence* ... [and] willful rendering of imperfect performance." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288–89

- 15 -

#53434025 v1

whom the Debtors identify as a "key stakeholder", <u>would</u> in fact be prejudiced if the Materials were destroyed and spoliation sanctions were enforced.[17]

WHEREFORE, Movants respectfully request that this Court (i) overrule the objections, (ii) grant the relief requested in the Motion by entering an order, substantially in the form attached to the Motion as Exhibit 1 and (iii) grant to Movants such other and further relief as this Court may deem just and appropriate.

Dated: May 10, 2019
Wilmington, Delaware

Respectfully submitted,

*/s/ Evelyn J. Meltzer*
David B. Stratton (No. 960)
Evelyn J. Meltzer  (No. 4581)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Tel:  (302) 777-6500
Email: stratton@pepperlaw.com
          meltzere@pepperlaw.com
-and-

Stephen H. Warren *(admitted pro hac vice)*
Karen Rinehart *(admitted pro hac vice)*
Darren Patrick *(admitted pro hac vice)*
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

*Attorneys for Movants Dov Charney and Adrian Kowalewski*

---

(3d Cir. 2000) (emphasis in original) (citing Section 205 of the Restatement (Second) of Contracts)).

[17] Assuming, *arguendo*, that any recovery would be possible.  Movants believe that they have strong defenses to all causes of action in the State Court Litigation.

#53434025 v1