# O'Melveny

O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071-2899

T: +1 213 430 6000
F: +1 213 430 6407
omm.com

File Number:
0656386-001

September 12, 2019

**Karen Rinehart**
D: (213) 430-6686
krinehart@omm.com

**VIA ECF FILING**

The Honorable Brendan L. Shannon
United States Bankruptcy Judge
United States Bankruptcy Court, District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

*Re: In re APP Winddown, LLC, et al. Case No. 16-12551 (BLS)*

Dear Judge Shannon:

We write in response to the letter dated August 29, 2019 [D.I. 2227] (the "LT Letter") to this Court from counsel to the Litigation Trustee[1] in the captioned chapter 11 cases. The Litigation Trustee's assertion that, at the time of the July 31, 2019 hearing (the "July 31 Hearing") before this Court, the State Court Defendants had determined to seek arbitration is incorrect. The decision to move to compel arbitration was made by our clients on August 1, 2019, shortly before a hearing before the State Court.

The State Court Litigation discovery plan had been negotiated over a period of three weeks, but there was little back and forth during that time. While the initial draft was transmitted on July 5, 2019 and finalized on July 26, 2019, there were not extensive negotiations but, rather, one conference call following an initial meet and confer, after which each party included its position on issues. True and correct copies of exchanges between the parties are attached hereto as Exhibits 1 and 2. Significantly, the Joint Discovery Plan which was filed with this Court [D.I. 2203] on July 26, 2019, expressly included Defendants' reservation of rights to, *inter alia*, move to compel arbitration. D.I. 2203-1 at 7, n.1.

The Litigation Trustee's characterization of events related to the August 1, 2019 hearing before the State Court (the "August 1 State Court Hearing") is also wrong. The State Court did not set a briefing schedule for the State Court Defendants' arbitration motion "reluctantly." (LT Letter, p. 2) *Id.* There is nothing in the transcript of the August 1 State Court Hearing [D.I. 2223-2] (the "State Ct. Tr.") that would support such a construction.

The State Court Defendants invited the Litigation Trustee to resolve the arbitration issue by stipulation [State Ct. Tr. 3:8-13, 8:2-5] so that the matter could be resolved quickly, but the

---

[1] Terms used but not defined herein shall have the meanings given to such terms in the Motion to (I) Clarify Plan Provisions Regarding Retention of Documents During Ongoing Litigation and (II) Preserve Documents [D.I. 2153] (the "Motion to Clarify").

Litigation Trustee has declined to do so. Further, as the State Court Defendants' counsel advised the State Court at the August 1 hearing, the agreements to arbitrate were already in the Litigation Trustee's and/or the Debtors' possession, custody, and control,[2] and counsel for the State Court Defendants "just came to learn about Mr. Kowalewski's agreement [with American Apparel to arbitrate] very recently." State Ct. Tr. 4:28-5:1. *See also* State Ct. Tr., 8:7-12. The State Court Litigation is based on claims that are substantially similar to those that have been dismissed with prejudice by the Ninth Circuit following the parties' briefing, not (as asserted at the July 31 Hearing) at the Litigation Trustee's initiation.[3] Both parties—not only the Litigation Trustee—urged a briefing schedule after the Litigation Trustee reserved on the issue of a stipulated arbitration, and the hearing was set by the State Court at the earliest possible date given the parties' anticipated briefing. The State Court also did not direct the parties to include the discovery plan as part of the agenda for the next hearing, as it would be irrelevant if the State Court Defendants' motion to compel arbitration is granted. *See* Exhibit 3 hereto.

Additionally, since the July 31 Hearing, the Trustee of the American Apparel Creditors' Fund Trust (the "Creditors' Fund Trustee") has filed a motion [D.I. 2233] seeking to extend the deadline to object to claims to January 8, 2020 and the Debtors have filed a motion [D.I. 2236] seeking to extend the deadline to object to claims to the later of December 31, 2019 or such date as the claims objection deadline may be extended pursuant to the motion by the Creditors' Fund Trustee. These motions, set for hearing on October 24, 2019, further establish the Debtors' and other parties' potential need for the documents that are the subject of the pending Motion to Clarify and the Debtors' Second Motion to Abandon and Destroy Certain Records [D.I. 2188].

The State Court Defendants incorporate by reference their August 29, 2019 letter [D.I. 2228] to this Court as though fully set forth herein. The State Court Defendants are available to answer any questions the Court might have.

Respectfully submitted,

*[signature]*

Karen Rinehart
O'Melveny & Myers LLP

OMM_US:77190785.2

---

[2] *See generally*, Motion to Clarify.
[3] Mr. Hroblak: "The trust couldn't pursue this case. There was a stay in place that was entered when the company was, prior to the company's bankruptcy. And so, we had, as a trust, had to go through the hoops and get federal cases dismissed that were staying this case from proceeding forward." Transcript of July 31, 2019 Hearing [D.I. 2223-1], 23:19-23. As this Court has been previously apprised, the Litigation Trustee only moved to amend the State Court complaint after the State Court issued an Order to Show Cause why the State Court Litigation should not be dismissed for failure to prosecute. *See* D.I. 2171-3. The dismissal by the Ninth Circuit of substantially similar claims in other cases was not sought by the Litigation Trustee and had no bearing on the procedural posture of the State Court Litigation.