# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: : | Chapter 11 |
| APP WINDDOWN, LLC., *et al.*, : | |
| : | Case No. 16-12551 (BLS) |
| : | (Re: docket no. 2152, 2188) |
| Debtors. : | |

Timothy P. Cairns, Esquire
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

Scott J. Greenberg, Esquire
Jones Day
250 Vesey Street
New York, NY 10281
*Counsel for the APP Winddown, LLC*

Richard M. Beck, Esquire
Klehr Harrison Harvey Branzburg LLP
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
*Counsel for Peter Kravitz, Litigation Trustee of the AAI Litigation Trust*

Evelyn J. Meltzer, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709

Stephen H. Warren, Esquire
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
*Counsel for Dov Charney and Adrian Kowalewski*

MEMORANDUM ORDER[1]

Before the Court is the "Debtors' Second Motion for Entry of an Order Authorizing Abandonment and Destruction of Certain Books and Records,"[2] seeking authority to destroy certain documents, books, and records currently held by post-confirmation debtors APP Winddown, LLC (f/k/a American Apparel, LLC, f/k/a American Apparel, Inc.) and APP Shipping Winddown, Inc. (f/k/a Fresh Air Freight, Inc.) (collectively, "APP" or the "Post-Confirmation Debtors").

Peter Kravitz, as Litigation Trustee of the AAI Litigation Trust (the "Litigation Trustee"), and Dov Charney and Adrian Kowalewski (the "State Court Defendants") filed objections to the Document Destruction Motion.[3] A hearing was held on July 31, 2019, and, afterward, the parties filed letters with the Court in further support of their respective positions. After due deliberation, the Court hereby FINDS as follows:

**Background**

1.  This current bankruptcy case was commenced on November 14, 2016, when APP filed voluntary petitions for relief under chapter 11 of title 11, United

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction to decide this Motion pursuant to 28 U.S.C. § 157 and §1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

[2] Docket No. 2188 (the "Document Destruction Motion").

[3] Objections to the Document Destruction Motion were filed by the Litigation Trustee (Docket No. 2194) and the State Court Defendants (Docket No. 2195). APP filed a reply to the objections to the Document Destruction Motion (Docket No. 2201). The State Court Defendants also filed a response opposing the Litigation Trustee's objection to the Document Destruction Motion (Docket No. 2200).

2

States Code (the "2016 Bankruptcy Case"). That petition followed an earlier chapter 11 case filed on October 5, 2015 (Case No. 15-12055) (the "2015 Bankruptcy Case").

2. On January 27, 2016, this Court entered an order confirming the First Amended Joint Plan of Reorganization in the 2015 Bankruptcy Case (the "Prior Plan"), which became effective on February 5, 2016 (the "Prior Plan Effective Date").

3. On the Prior Plan Effective Date, the AAI Litigation Trust was established for the purpose of prosecuting specified causes of action and making distributions (if any) to holders of allowed general unsecured claims in their capacities as Litigation Trust beneficiaries. The causes of action transferred to the AAI Litigation Trust included claims and causes of action against the 2015 Debtors' former officers.[4]

4. The Litigation Trust Agreement between and among the Litigation Trustee and the Reorganized 2015 Debtors dated February 5, 2016 provides in Section 1.7 entitled "Books and Records," in pertinent part:

> (b) The Reorganized Debtors shall preserve and maintain their books and records related to the Specified Causes of Action ("Specified Books and Records") until six years from the date of this Litigation Trust Agreement. The Reorganized Debtors will, on the reasonable request of the Litigation Trustee, deliver copies of Specified Books and Records that are responsive to such reasonable requests, subject to appropriate confidentiality and privilege arrangements and restrictions.
>
> . . . .

---

[4] "The State Court Litigation was commenced (as a shareholder derivative action) on behalf of American Apparel, Inc. in 2010." State Court Defendants' Objection (Docket No. 2195), ¶ 4. The State Court Litigation is subject to a stay order, which was modified in 2018 for the limited purpose of permitting the Litigation Trustee to file an amended complaint and State Court Defendants to file a demurrer and motion to strike. *Id.* at n.6.

(e) Notwithstanding anything to the contrary herein: (i) the Litigation Trustee does not have possession, custody or control over any of the books and records of the Reorganized Debtors within the meaning of the Federal Rules of Civil Procedure and shall have no power over the books and records of the Debtors or Reorganized Debtors beyond the rights granted herein; (ii) the Reorganized Debtors will not be required to incur any expenses and shall be entitled to reimbursement from the Litigation Trust for the reasonable and documented expenses (including legal fees) incurred in discharging their commitments or satisfying any requests of the Litigation Trustee hereunder; and (iii) the Litigation Trust or Litigation Trustee shall not solicit or approach any employee of the Debtors or Reorganized Debtors absent prior written consent of the Reorganized Debtors.[5]

5. On November 28, 2018, this Court entered an Order confirming Third Amended Joint Plan of Liquidation (the "Liquidating Plan") in the 2016 Bankruptcy Case, which became effective on December 14, 2018 (the "Effective Date"). On the Effective Date, four of the Debtors were deemed dissolved, and all of their assets vested in APP Winddown, LLC.

6. Section III.K. of the Liquidating Plan addresses recordkeeping, including the following:

> (1) <u>Continued Recordkeeping</u>
> Following the Effective Date, the Post-Confirmation Debtors will maintain the books and records of the Debtors for matters related to the Post-Confirmation Debtor Functions and the Creditors' Trust Functions, subject to destruction, transfer and access rights set forth in this Section III.K of the Plan. Nothing in the Plan shall obligate the Post-Confirmation Debtors to maintain any Specified Books and Records (as defined in the Litigation Trust Agreement), for a period longer than indicated in Section 1.7(b) of the Litigation Trust Agreement.
> . . . .

---

[5] Litigation Trust Agreement (Litigation Trustee Objection, Ex. 3), at § 1.7(b) and (e).

> (5) <u>Post-Confirmation Records Retention</u>
> Following the Effective Date, the Post-Confirmation Debtors may, from time to time, upon 21-days' notice to the parties identified in Section X.K . . . and to the Creditors' Fund Trustee and the Litigation Trustee, and without approval of the Bankruptcy Court, destroy any documents and records of the Debtors that it believes are no longer required to effectuate the terms and conditions of the Plan or the Settlements.  The notice shall provide a reasonable description of the documents and records proposed to be destroyed.  In the event a notified party objects to the destruction, it shall (within the notice period) either request the transfer of such records pursuant to Section III.K (4) above or reimburse the Post-Confirmation Debtors for all costs and expenses (including associated payroll expenses, third party fees and expenses, storage device costs, copying fees, and the fees and expenses of counsel if a legal dispute arises that may require a privilege review) associated with the continued maintenance of such documents and records by Post-Confirmation Debtors until transferred, destroyed, or otherwise disposed of.
>
> (6) <u>Final Destruction</u>
> Upon and following seven years after the Effective Date, the Post-Confirmation Debtors shall be authorized, without further notice or approval of the Bankruptcy Court, to destroy any documents and records that it believes are no longer required to effectuate the terms and conditions of the Plan or the Settlements.

7. Section III.O of the Liquidating Plan addresses the relationship between the Post-Confirmation Debtors and the Litigation Trustee, and states, in part:

> Nothing herein shall, or shall be construed as, limiting clause (ii) of Section 1.7(e) of the Litigation Trust Agreement, and any (a) commitments of the Debtors or Post-Confirmation Debtors under, and (b) requests of the Litigation Trustee under, the Plan or the Prior Cases Confidentiality Order, shall be deemed to be commitments or requests under the Litigation Trust Agreement. Nothing within this Section III.O of the Plan shall be construed as limiting the right of the Post-Confirmation Debtors, and the

officers and members of the boards of directors thereof, to (a) seek a final order closing the Chapter 11 Cases or (b) wind up or dissolve the Post-Confirmation Debtors, provided that nothing herein shall limit the Litigation Trust's right to object to a final order closing the Chapter 11 Cases.

## STANDARD

9.   APP seeks relief under Bankruptcy Code § 554, which provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."[6]

10.   Generally, when deciding whether property may be abandoned under § 554, a court will defer to a trustee's judgment upon finding that the trustee made: (1) a business judgment; (2) in good faith; (3) upon some reasonable basis; and (4) within the trustee's scope of authority.[7]

11.   Here, however, there is no estate to consider in the post-confirmation posture of this case. Instead, APP's judgment, good faith, reasonableness and authority are determined in reference to the terms of the confirmed Plan. "In construing a confirmed plan of reorganization, we apply contract principles."[8]

12.   "Delaware adheres to the 'objective' theory of contracts, i.e. a contract's construction should be that which would be understood by an objective, reasonable

---

[6] 11 U.S.C. § 554(a).
[7] *In re Syntax-Brillian Corp.*, 2018 WL 3491758, *15 (Bankr. D. Del. July 18, 2018) (citing *In re Moore*, No. 15-10174, 2015 WL 5674430, *9 (Bankr. D. N.J. Sept. 25, 2015); *In re Slack*, 290 B.R. 282, 284 (Bankr. D. N.J. 2003)).
[8] *In re Shenango Grp., Inc.*, 501 F.3d 338, 344 (3d Cir. 2007) (citations omitted).

...

third party."⁹ "We will read a contract as a whole and we will give each provision and term effect, so as not to render any part of the contract mere surplusage."¹⁰ "We will not read a contract to render a provision or term 'meaningless or illusory.'"¹¹ "When the contract is clear and unambiguous, we will give effect to the plain-meaning of the contract's terms and provisions."¹²

## ANALYSIS

13.    APP argues that Section III.K.1 of the Liquidating Plan provides that the Post-Confirmation Debtors will "maintain the books and records of the Debtors for matters related to the Post-Confirmation Debtor Functions and the Creditors' Trust Functions, subject to destruction, transfer and access rights set forth in this Section III.K of the Plan."  Section III.K.5 then provides that, after 21 days' notice to certain parties, the Post-Confirmation Debtors can "destroy any documents and records of the Debtors that it believes are no longer required to effectuate the terms and conditions of the Plan or the Settlements."  APP further argues that the Liquidating Plan grants the Litigation Trustee (and other parties) the right to request a transfer of documents and records they do not want destroyed, at the requesting parties' cost.¹³

---

⁹ *Perrigo Co. v. Int'l Vitamin Corp.*, No. 17-CV-1778 2018 WL 4290387, at *4 (D. Del. Sept. 7, 2018) (quoting *Osborn ex rel. v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010)).
¹⁰ *Id.*
¹¹ *Id.*
¹² *Id.*
¹³ Plan Section III.K.4. provides that:
> Following the Effective Date, the Post-Confirmation Debtors may, from time to time upon request, transfer documents and records of the Debtors to . . . (b) the Litigation Trustee, to meet the obligations under the UCC-LT Settlement or the Litigation Trust Agreement. . . the reasonable costs and expenses for the transfer and subsequent storage of any documents and records . . . shall be satisfied by the party requesting such transfer, and the Post-Confirmation Debtors reserve the right to reject a transfer request that does

14. APP also contends that the causes of action being pursued by the Litigation Trustee were property of the 2015 bankruptcy estate, not property of the 2016 estate, and any records in connection with those causes of action are not needed for the post-confirmation functions of APP or the Creditors' Fund Trustee and, therefore, may be destroyed or, on request, transferred to the Litigation Trustee at the Trust's cost.

15. In response, the Litigation Trustee argues that the Liquidating Plan must be read as a whole and cites to language not quoted by APP. The Litigation Trustee points out that the last sentence of Section III.K.1 (entitled Continued Recordkeeping) specifically states "Nothing in the Plan shall obligate the Post-Confirmation Debtors to maintain any Specified Books and Records (as defined in the Litigation Trust Agreement), for a period longer than indicated in Section 1.7(b) of the Litigation Trust Agreement," (i.e., six years after the date of the Litigation Trust Agreement, which is until February 5, 2022). The Liquidating Plan also provides that the Post-Confirmation Debtors may:

> transfer documents and records of the Debtors to a storage agent for the purpose of preserving and ultimately disposing of such documents and records as permitted by the Plan.[14]

---

not provide for payment of such costs and expenses in a manner satisfactory to the Post-Confirmation Debtors. If a notified party objects to a transfer and is unable to reach a resolution with the Post-Confirmation Debtors, such party shall, within 21 days of the date of the notice (or such longer period as to which such party and the Post-Confirmation Debtors may agree) file an objection with the Bankruptcy Court.

*See also* Plan Section III.O.3 ("The Litigation Trustee may request the transfer of documents and records of the Debtors under Section III.K. of the Plan.").

[14] Liquidating Plan, § III.K.3.

The Litigation Trustee argues that "[i]f there was no obligation of the Debtors to maintain records for the six-year period, there would be no need to include a provision in the Plan that ensures that the six-year period was not extended beyond the 2022 date . . . or a provision that provides for a storage agent for the Debtors' records."[15]

16. The State Court Defendants also object to the Document Destruction Motion, arguing that the records and documents related to the State Court Litigation are still necessary to "effectuate the terms and conditions of the [Liquidating] Plan" because the Post-Confirmation Debtors have an obligation to retain those documents and preserve evidence while the State Court Litigation is pending. The State Court Defendants cite to Section X.J. of the Liquidating Plan, which provides:

> For the avoidance of doubt, except as set forth in Section III.C,[16] nothing contained in this Plan shall affect or be deemed to affect the LTCA [Litigation Trust Causes of Action] or any other assets under the Litigation Trust in the Prior Cases, including, without limitation, any rights of the Litigation Trustee in connection with the [State Court Litigation and litigation pending in the United States Court of Appeals for the Ninth Circuit]. Nothing in the Plan shall affect . . . the rights of the Litigation Trustee under the Trust Agreement in the Prior Cases to pursue the LTCA.

17. Upon review of the specific provisions of the Liquidating Plan, the Court concludes that the Document Destruction Motion must be denied. Section III.K.5 of the Liquidating Plan allows destruction of documents and records only if they "are no longer required to effectuate the terms and conditions of the Plan." The Liquidating

---

[15] Litigation Trustee Objection, ¶ 15.
[16] Section III.C. of the Liquidating Plan is entitled "Distributions from Escrows Under the UCC-LT Settlement."

Plan recognizes the Post-Confirmation Debtors' obligation to maintain any Specified Books and Records for the period set forth in the Litigation Trust Agreement (i.e., until February 5, 2022). The Liquidating Plan also provided that none of its provisions would affect the rights of the Litigation Trustee under the Trust Agreement to pursue the Litigation Trust Causes of Action. The Specified Books and Records are necessary to pursue those actions. Therefore, to "effectuate the terms" of the Liquidating Plan, the Post-Confirmation Debtors must retain and preserve the Specified Books and Records as required by the Liquidating Plan and the Litigation Trust Agreement.[17]

Accordingly, it is hereby:

**ORDERED** that the Post-Confirmation Debtors' Document Destruction Motion is DENIED.

BY THE COURT:

Brendan Linehan Shannon
United States Bankruptcy Judge

Dated: December 16, 2019
Wilmington, Delaware

---

[17] On April 11, 2019, the State Court Defendants filed a Motion to (i) Clarify Plan Provision Regarding Retention of Documents during Ongoing Litigation and (ii) Preserve Documents (Docket No. 2152) (the "Motion to Clarify"). APP and the Litigation Trustee filed objections to the Motion to Clarify (Docket Nos. 2167, 2168). The State Court Defendants filed a reply to the objections to the Motion to Clarify (Docket No. 2170). The Court adjourned the Motion to Clarify and directed the parties to attempt to resolve the issues through negotiation. On July 1, 2019, APP reported that the parties could not resolve the issues and filed the Document Destruction Motion. In their objection to the Document Destruction Motion, the State Court Defendants argued that the Post-Confirmation Debtors' Status Report contains factual errors and material omissions.

The Court's determination herein that the Post-Confirmation Debtors have a duty under the Liquidating Plan to preserve and retain the Specified Books and Records resolves that issue raised in the Motion to Clarify. This Court further determines that all other discovery issues, including privilege issues, should be decided by the applicable non-bankruptcy court.