**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN APPAREL, LLC, | : | Case No. 16-12551 |
| a Delaware limited liability company | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Identification Number 20-3200601 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN APPAREL (USA), LLC, | : | Case No. 16-12552 |
| a California limited liability company | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Identification Number 26-2368940 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AMERICAN APPAREL RETAIL, INC., | : | Case No. 16-12553 |
| a California corporation | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Identification Number 72-1577829 | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| AMERICAN APPAREL DYEING & | : | |
| FINISHING, INC. | : | Case No. 16-12554 |
| a California corporation | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Identification Number 41-2150324 | : | |

1

|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| KCL KNITTING, LLC, | : | Case No. 16-12555 |
| a California limited liability company | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| Tax Identification Number 95-4819518 | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| FRESH AIR FREIGHT, INC., | : | Case No. 16-12556 |
| a California corporation | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| Tax Identification Number 45-0533870 | : |  |
|  | : |  |
|  | : |  |

## **FINAL DECREE CLOSING THE CHAPTER 11 CASES**

Upon the motion (the "Motion") of APP Winddown, LLC for the entry of a final decree (this "Final Decree")[1] closing these chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of APP Winddown, LLC, the estates of the above-captioned debtors (collectively, the "Debtors"), the creditors of the Debtors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_DE:225976.6 03635/001

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The above-captioned chapter 11 cases of the Debtors are hereby closed, *provided* that this Court shall retain jurisdiction as provided in Article XI of the Plan.

3.      Entry of this Final Decree is without prejudice to the rights of APP or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

4.      APP shall, on or before 10 days after entry of this Final Decree:  (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee.  Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5.      The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below.  Thereafter, Prime Clerk shall have no further obligations to this Court, the Debtors, APP, or any other party in interest with respect to the Claims and Noticing Services in these chapter 11 cases.

DOCS_DE:225976.6 03635/001

6.      Pursuant to Local Rule 2002-1(f)(ix), within 30 days of entry of this Final Decree, Prime Clerk (or APP, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register in the lead case containing claims of all cases.  Prime Clerk shall box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.  In addition to the foregoing, pursuant to Local Rule 2002-1(f)(xii), Prime Clerk shall docket a Final Claims Register in each jointly-administered case containing the claims of only that specific case.

7.      Should Prime Clerk receive any mail regarding APP or the Debtors after entry of this Final Decree, Prime Clerk shall collect and forward such mail no less frequently than monthly to APP.

8.      Nothing herein shall limit the rights and obligations provided in this Court's *Order Authorizing the Debtors to Appoint Storage Agent and Establish Supplemental Procedures for Access to Records* [Docket No. 2312].

9.      The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

10.     Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

4

**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN APPAREL, LLC,<br>a Delaware limited liability company | : | Case No. 16-12551 |
| Debtor. | : | |
| Tax Identification Number 20-3200601 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN APPAREL (USA), LLC,<br>a California limited liability company | : | Case No. 16-12552 |
| Debtor. | : | |
| Tax Identification Number 26-2368940 | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| AMERICAN APPAREL RETAIL, INC.,<br>a California corporation | : | Case No. 16-12553 |
| Debtor. | : | |
| Tax Identification Number 72-1577829 | : | |

| | | |
|---|---|---|
| In re: | : | |
| AMERICAN APPAREL DYEING &<br>FINISHING, INC.<br>a California corporation | : | Chapter 11 |
| | : | Case No. 16-12554 |
| Debtor. | : | |
| Tax Identification Number 41-2150324 | : | |

1

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KCL KNITTING, LLC, | : | Case No. 16-12555 |
| a California limited liability company | : | |
| | : | |
| Debtor. | : | |
| | : | |
| Tax Identification Number 95-4819518 | : | |
| | : | |

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FRESH AIR FREIGHT, INC., | : | Case No. 16-12556 |
| a California corporation | : | |
| | : | |
| Debtor. | : | |
| | : | Re: Docket No. 2 |
| Tax Identification Number 45-0533870 | : | |
| | : | |

**FINAL DECREE CLOSING THE CHAPTER 11 CASES**

Upon the motion (the "Motion") of APP Winddown, LLC for the entry of a final decree (this "Final Decree")[1] closing these chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of APP Winddown, LLC, the estates of the above-captioned debtors (collectively, the "Debtors"), the creditors of the Debtors, and other parties in interest; and this Court having found that the notice of the Motion and

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

2.      The above-captioned chapter 11 cases of the Debtors are hereby closed, *provided* that this Court shall retain jurisdiction as provided in Article XI of the Plan.

3.      Entry of this Final Decree is without prejudice to the rights of APP or any party in interest to seek to reopen any of these chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code.

4.      APP shall, on or before 10 days after entry of this Final Decree:  (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee.  Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5.      The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below.  Thereafter, Prime Clerk shall have no further obligations to this Court, the Debtors, APP, or any other party in interest with respect to the Claims and Noticing Services in these chapter 11 cases.

3

6.      Pursuant to Local Rule 2002-1(f)(ix), within 30 days of entry of this Final Decree, Prime Clerk (or APP, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register in the lead case containing claims of all cases.  Prime Clerk shall box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.  In addition to the foregoing, pursuant to Local Rule 2002-1(f)(xii), Prime Clerk shall docket a Final Claims Register in each jointly-administered case containing the claims of only that specific case.

7.      Should Prime Clerk receive any mail regarding APP or the Debtors after entry of this Final Decree, Prime Clerk shall collect and forward such mail no less frequently than monthly to APP.

8.      *Nothing herein shall limit the rights and obligations provided in this Court's Order Authorizing the Debtors to Appoint Storage Agent and Establish Supplemental Procedures for Access to Records [Docket No. 2312].*

9.      8. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

10.      9. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

11.      10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to (a) the MBMJ Adversary Proceeding and (b) the implementation, interpretation, and/or enforcement of this Final Decree.

4

5

Document comparison by Workshare 9.5 on Tuesday, November 17, 2020
4:47:42 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/225976/6 |
| Description | DOCS_DE-#225976-v6-AA2_-_Motion_for_Final_Decree |
| Document 2 ID | PowerDocs://DOCS_DE/225976/7 |
| Description | DOCS_DE-#225976-v7-AA2_-_Motion_for_Final_Decree |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 7 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 14 |